McLENNAN AND HILL COUNTIES TEHUACANA CREEK WATER CONTROL DISTRICT NO. I, Appellant,

v.

Walter A. HENNIG et al., Appellees.

No. 5021.

Court of Civil Appeals of Texas, Waco.

June 21, 1971.

McNamara, Smith & McNamara, Waco, for appellant.

Bryan, Wilson, Olson & Stem, Waco, for appellees.

## OPINION

HALL, Justice.

This is an appeal by the condemnor in an eminent domain proceeding from a judgment granting allowances to the appellee-landowner, Hennig, for expenses incurred by him, under the terms of Section 6 of Article 3265, Vernon's Texas Civil Statutes. That article provides that when the condemnor, "after appeal from an award, or after said proceeding has become a case for trial in court, desires to dismiss, abandon the proceedings, or refuse the jury verdict returned by the jury or by a court prior to entry of judgment, said (condemnor) shall by motion be heard thereon, and the court hearing the same may as part of the terms of granting such motion, make an allowance to the landowner for reimbursement of his reasonable attorneys' and appraisers' fees, shown to have been incurred, and reimbursement for all necessary expenses incurred by the filing and hearing of such condemnation case to date of such hearing on said motions; * * *."

We affirm.

There is no dispute in the material facts. The appellant filed its statement of condemnation with the proper court, seeking fee simple title to approximately 75 acres of Hennig's land. Special commissioners were appointed and sworn, and notices issued. The hearing before the commissioners was held on January 8, 1971; and their written award was executed on that day. As was the custom, the original and copies of the award were handed to the condemnor's attorney by the chairman of the commission with the intention that they be filed with the court on that day. Appellant's attorney deliberately failed to file the award with the court. On January 11, 1971, Hennig filed his objections to the award with the court; on January 12th, appellant filed its motion to dismiss the condemnation proceeding; and on January 22nd, Hennig filed his answer to the motion to dismiss and sought an allowance for reasonable attorney's fee, appraisers' fees, and other expenses allegedly incurred by him as a result of the condemnation proceeding. Meanwhile, appellant's attorney had refused requests of Hennig's attorney that the award be filed. On January 28th, the special commissioners filed a fully executed duplicate original of the award with the court.

Appellant's motion to dismiss was heard on February 12th. At that hearing, on motion of Hennig, appellant's attorney was ordered by the court to file the original award. He promptly complied. The motion to dismiss was granted. Additionally the court determined that the following allowances should be made to Hennig: (1) "$2,500 for attorney's fee incurred up to and including the hearing before the condemnation commission;" (2) "$500 for attorney's fee incurred subsequent to the award of the condemnation commission and through the date of the hearing on the motion to dismiss;" (3) "appraisers' fees in the amount of $1,000;" and (4) "$100 as an allowance for reimbursement of expenses incurred."

No request was made of the court for findings of fact or conclusions of law; and, other than those set forth in the judgment, none were filed.

By divers points of error, appellant asserts that the allowances to Hennig were erroneously made because this proceeding never became "a case for trial in court;" and because Hennig did not incur any allowable expenses "after such proceeding had become a case in court." These contentions, which we overrule, are hinged on the fact that Hennig filed his objections with the court before the award was filed.

■ It is not necessary for us to decide just when, under the record, this proceeding became a case for trial in court. Under the statute in question, the landowner may be accorded reimbursement for his attorneys' fees, appraisers' fees, and other expenses if the condemning authority dismisses its action after the proceeding has become a case for trial in court *or* after an appeal has been made from the award of the special commissioners. Of course, the landowner is not required to wait until the award is filed before filing his objections thereto. Lemmon v. Giles (Tex.Civ.App. 1960, writ dism.) 342 S.W.2d 56, 60. We hold that when Hennig filed his objections to the award with the court, this constituted an appeal from the award within the meaning of the statute. As shown by the record, this appeal was made before appellant's motion to dismiss was filed. Hennig was therefore entitled, under the terms of the statute, to make his claim for allowances.

■ Appellant argues that Hennig is entitled only to an allowance for expenses that were incurred by him after the proceeding became a case for trial in court. We reject this proposition. The statute clearly provides for allowances to the landowner for the enumerated expenses that were incurred by him from the date of the filing of the condemnation proceeding until

the time of the hearing of the condemnor's motion to dismiss.

 Appellant contends that the trial court erred in awarding an attorney's fee to Hennig for legal services rendered to the date of the hearing before the commissioners because his attorney "was employed to perform such services on a contingent fee basis and appellee, therefore, incurred no expense with reference thereto." We overrule this contention.

The record shows that Hennig's original contract with his attorney did in fact provide for a contingent fee. However, there is additional evidence in the record that is sufficient to support the implied finding of the trial court that Hennig agreed to pay, and is obligated to pay, his attorney a reasonable fee for preparation for and representation at the hearing before the special commissioners.

Appellant has other points and contentions. All have been carefully considered. None present error. They are overruled.

Affirmed.