George W. WARNER et al., Appellants,

v.

The CITY OF SAN ANTONIO, Appellee.

No. 5828.

Court of Civil Appeals of Texas, Waco.

March 23, 1978.

Jose F. Olivares, San Antonio, for appellants.

James M. Parker, City Atty., Jackson C. Hubbard, Asst. City Atty., Phillip Hardberger and Josephine M. Hall, Hardberger, Branton & Herrera, Inc., San Antonio, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by Warner, et al., landowners whose property was subject matter of a condemnation suit, from order of dismissal of such suit.

Attorneys who in fact represented the Urban Renewal Agency of the City of San Antonio, purporting to act for the City of San Antonio filed condemnation proceedings in the name of the City of San Antonio to condemn certain property in the City of San Antonio belonging to George W. Warner, Jose F. Olivares and wife. After award by the Commissioners and appeal to County Court at Law Number 6, and while such case was pending in the trial court it was discovered by the City that the proceeding was erroneously instituted by the Urban Renewal Agency, a separate entity, in the name of the City of San Antonio instead of in the name of the Urban Renewal Agency.

The City intervened in the cause for the sole purpose of moving for dismissal of the proceeding; and filed motion to dismiss such cause.

Appellants landowners opposed such motion for dismissal unless the trial court award them allowance under Article 3265, Section 6 VATS.

The trial court granted the City's motion and dismissed the cause without granting appellants any award under Article 3265, Section 6 VATS.

Appellants landowners appeal on one point: "The Court erred in dismissing the illegal condemnation proceedings without awarding allowances to the landowners under the provisions of Article 3265–6 VATS".

It is without dispute in this record that attorneys who represent the Urban Renewal Agency of the City of San Antonio erroneously filed condemnation proceedings in the name of the City of San Antonio; that the City learned of this, intervened in the case for the sole purpose of moving for dismissal of the proceeding; filed motion to dismiss the proceeding; and the trial court dismissed the proceeding without making any allowance for appellants under Article 3265–6 VATS.

Article 3265–6 VATS provides: "Where a plaintiff after appeal from an award, or after said proceeding becomes a case for trial in court, desires to dismiss, abandon the proceedings, or refuse the jury verdict returned by the jury or court prior to entry of judgment, said plaintiff shall by motion be heard thereon, and the court hearing same *may* as part of the terms of granting

such motion, make an allowance to the landowner for reimbursement of his reasonable attorneys' and appraisers' fees * * and * * necessary expenses incurred * *; provided, however, plaintiff shall not be liable for any such fees or expenses in any case which may be dismissed upon its motion where such case is subsequently refiled, and where the court is advised by plaintiff in connection with such motion that it intends to refile such case * * * ".

The record here reflects that the Urban Renewal Agency advised the court of its intention to refile and that such has in fact been done, and such refiled case is now pending.

Any damages appellants have or may suffer through the admittedly erroneous actions of the Urban Renewal Agency may be recovered in the refiled case currently pending in the trial court. *Alexander v. City of San Antonio,* Tex.S.Ct., 468 S.W.2d 797.

The record further reflects appellants have filed a separate suit for their damages against the Urban Renewal Agency in Federal Court.

Appellants herein appear to have been badly treated, but under the record they have not shown abuse of discretion by the trial court, or entitlement to allowance under Article 3265–6 against the City of San Antonio.

The trial court took the only action which it could legally take when it was made aware that the City of San Antonio was not in fact the plaintiff. *Wilbarger County v. Hall,* Com.App., 55 S.W.2d 797.

Appellants' point is overruled.

AFFIRMED.