Edna HILL, Appellant,

v.

The GALVESTON HOUSING
AUTHORITY, Appellee.

No. 17488.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Nov. 29, 1979.

Gerson D. Bloom of Gulf Coast Legal Foundation, Galveston, for appellant.

R. A. Apffel, Tramonte, Apffel, Urbani & Tramonte, Galveston, for appellee.

Before COLEMAN, C. J., and WALLACE and DOYLE, JJ.

COLEMAN, Chief Justice.

This is an appeal from a take nothing judgment in a suit to recover damages for the loss of personal property sustained as a result of a fire in a housing unit leased by Edna Hill from the Galveston Housing Authority. The case was tried to the court without a jury. Findings of fact and conclusions of law were filed. The judgment will be affirmed.

Hill leased an apartment in the Magnolia Homes complex from the Galveston Housing Authority, a federally subsidized housing complex for low income residents. Personal property belonging to Hill was damaged in a fire in the apartment. She contends that the Housing Authority was negligent in failing to inspect the premises to ascertain the existence of dangerous conditions in the plaintiff's apartment; in failing to take adequate fire prevention precautions; in failing to properly maintain the premises; and in failing to promptly cure known defects.

Mrs. Hill testified that she saw the heater located in her living room smoking, and then saw it burst into flames. An Assistant Fire Chief of the Galveston Fire Department testified that he saw flame erupting from the heater upon entering the door of the apartment; that the firemen had trouble controlling the fire while the apartment's natural gas supply was on; and that the fire went out as soon as he shut the gas down in the building. He listed in his report the probable cause of the fire as being a gas leak.

Tests performed the following day by Housing Authority maintenance men under the supervision of the Galveston Fire Department Fire Marshall found that the heater was functioning properly and that there were no leaks in the gas lines leading to the heater. The Fire Marshall also testified that he found no sign that the heater had been on fire, and that in his opinion some material in the closet behind the heater was ignited, which in turn ignited the wall behind the heater.

The Housing Authority maintenance people testified that they found no gas leak, and that the heater was functioning properly and is still in use.

There is evidence that the heater was equipped with a safety pilot which cut off the flow of the gas to the heater when the pilot was off. Mrs. Hill testified that as far as she could remember the heater and pilot light were not on at the time of the fire. Mrs. Hill testified that the heater had not been working throughout the fall of 1976,

and that she had complained to the Housing Authority about it on numerous occasions. She stated that when the complaints were made, the maintenance crews would relight the heater pilot light, but that it would always blow out a few minutes later when the apartment door was opened.

There was testimony that the apartments were inspected on a regular basis. The heaters were checked and lighted at the request of the tenants at the beginning of the cold weather, and again inspected and turned off at the request of the tenant when they were no longer needed. This particular heater was inspected and cleaned some two months prior to the fire.

Records were kept of tenant complaints, but there was no record of heater complaints by Mrs. Hill. The project manager testified that she might have called in a heater service request, but that she could not specifically remember such a request by Mrs. Hill.

The trial court made numerous findings of fact, including (1) that prior to the date of the fire the plaintiff never noticed any gas escaping and did not notify defendant of any gas leak; (2) that the cause of the fire on December 9, 1976, is unknown; (3) that the fire in question was not caused by any negligence on the part of the defendant; (4) that the Housing Authority properly maintained the premises in question; (5) that on the occasion in question there was no gas leak in the apartment; (6) that the defendant, its agents, servants and employees took adequate fire prevention precautions; and (7) that the defendant, its agents, servants and employees were not negligent in any way which caused the plaintiff to sustain damages.

Mrs. Hill has attacked the finding that the Housing Authority, its agents, servants and employees were not negligent, asserting that the finding is against the great weight and preponderance of the evidence. She also attacks on the same ground the findings that the Housing Authority properly maintained the premises, and that the heater functioned properly on the occasion in question.

This case was tried on the theory that the wall heater located in the living room of the plaintiff's apartment had malfunctioned on previous occasions, and that it was not properly maintained. Because of the malfunction, leaking gas was present in the apartment resulting in the fire. Findings of fact leading to these conclusions were requested by Mrs. Hill.

■ Where a fact found by the trial court is not challenged in appellant's brief, the Court of Civil Appeals must conclude that the finding is correct and the court is bound thereby. *Thompson v. Larry Lightner, Inc.*, 230 S.W.2d 831 (Tex.Civ.App.-San Antonio 1950, writ ref'd n. r. e.).

Mrs. Hill has not challenged the finding made by the trial court that on the occasion in question there was no gas leak in the apartment. Nor has she challenged the finding that the defendant, its agents, servants and employees took adequate fire prevention precautions. Neither did Mrs. Hill challenge the finding that the defendant promptly cured any known defect in the said premises. Since we are bound by these findings of fact, the only grounds of negligence alleged by the plaintiff which remain are the allegations that the defendant failed to inspect the premises to ascertain the existence of dangerous conditions in the apartment, and the alleged failure to properly maintain the premises.

■ The trial court made findings that the heater was inspected and maintained on a regular basis, and that the heater was functioning properly on two occasions when it was inspected. These findings were not challenged, and the evidence fully supports an implied finding that the defendant was not negligent by reason of the failure to inspect the premises to ascertain the existence of dangerous conditions in the apartment.

■ Mrs. Hill has challenged the finding that the Housing Authority properly maintained the premises in question. There is no evidence to support a contrary finding other than the evidence relating to the condition of the heater. After considering all of the testimony, we cannot say that the trial court's fact finding concerning the maintenance of the premises is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. Our review of all of the evidence as applied to the pled grounds of negligence leads to the conclusion that the finding that the Housing Authority, its agents, servants and employees were not negligent is supported by competent evidence and is not so against the great weight and preponderance of the evidence as to be clearly wrong.

The judgment is affirmed.