Angelina **SALVAGGIO**, Individually et al., Appellants,

v.

**BRAZOS COUNTY WATER CONTROL & IMPROVEMENT DISTRICT NO. 1, Appellee.**

No. A2124.

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 16, 1980.

Rehearing Denied May 14, 1980.

See also, 572 S.W.2d 121.

Robert L. Burns, Sears & Burns, Houston, for appellants.

Karl C. Hoppess, Warren G. King, Houston, for appellee.

Before COULSON, SALAZAR and JUNELL, JJ.

JUNELL, Justice.

This case and its companion, *Rotello, et al. v. Brazos County Water Control & Improvement District No. 1*, were consolidated by the Texas Supreme Court when it passed on the question of whether the litigants are properly before this court by writ of error.[1] This court previously dismissed the writs of error.[2] This cause is before us on remand for a determination of the merits of appellants' claims asserted in the writ of error.

Approximately ten years ago, Brazos County Water Control and Improvement District No. 1, hereinafter the District, filed a petition in condemnation against appellants. Special Commissioners awarded a sum for payment to appellants; appellants objected to the award and sought an injunction to keep the District from obtaining possession. That case was never tried and in October, 1977, the District filed a motion for nonsuit without stating that it intended to refile its petition. The record reflects no notice given to appellants of the hearing on the motion to dismiss, and in October, 1977, the cause was dismissed without prejudice to refile. On November 23, 1977, the District again filed a petition in condemnation against appellants, seeking to condemn substantially the same tracts of land. After the Commissioners' award appellants filed objections. The District deposited twice the amount of the award into the registry of the court, and a writ of possession was issued. Appellants did not withdraw the funds. Appellants sought to enjoin the District from entering into possession, and appealed the trial court's denial of an injunction to the First Court of Civil Appeals.

1. 23 Tex.Sup.Ct.J. 185 (Jan. 26, 1980).

2. *Salvaggio v. Brazos County Water Control*, 581 S.W.2d 777 (Tex.Civ.App.-Houston [14th Dist.] 1979); *Rotello v. Brazos County Water Control*, 581 S.W.2d 779 (Tex.Civ.App.-Houston [14th Dist.] 1979).

That court granted the injunction.[3] On November 28, 1978, the District moved to dismiss the proceedings, and the trial court granted the motion the same day without prejudice to refile. The motion to dismiss contains no statement that the District intended to refile. The record shows no evidence of notice to appellants of the hearing on the dismissal. Appellants appeal by writ of error claiming that the trial court erred in granting the District's motion to dismiss without notice and hearing to appellants to allow them to put on evidence of attorney's fees and expenses incurred in defending the condemnation suits.

The applicable statute governing damages in a condemnation suit was Tex.Rev. Civ.Stat.Ann. art. 3265, § 6 (Vernon Supp. 1978).[4] That statute states:

Where a plaintiff after appeal from an award, or after said proceeding has become a case for trial in court, desires to dismiss, abandon the proceedings, or refuse the jury verdict returned by the jury or by a court prior to entry of judgment, said plaintiff shall by motion be heard thereon, and the court hearing the same may as part of the terms of granting such motion, make an allowance to the landowner for reimbursement of his reasonable attorneys' and appraisers' fees, shown to have been incurred, and reimbursement for all necessary expenses incurred by the filing and hearing of such condemnation case to date of such hearing on said motions; provided, however, plaintiff shall not be liable for any such fees or expenses in any case which may be dismissed upon its motion where such case is subsequently refiled, and where the court is advised by plaintiff in connection with any such motion that it intends to refile such case, a reasonable time for such refiling shall be allowed. All orders entered hereunder are appealable.

This suit had become a case for trial in court. The statute imposes a dual condition for the plaintiff to avoid liability for expenses and fees: the District must refile *and* give notice in its motion to dismiss of its intention to refile. The District gave no such notice in its motion to dismiss. The record before the court at this time reflects that the District did refile against appellants for the same tract of land in January, 1979. This alone does not satisfy the requirements of section 6. Appellee District argues that because the case has in fact been refiled, any claim for expenses incurred in the prior causes can be considered in the pending action. The possibility of such relief in the future does not constitute compliance with the statute. We hold that appellants are entitled to a hearing for the trial court to make allowance for fees and expenses incurred through the time of the dismissal.

We note that the above cited 1979 amendments to article 3265 § 6 have made a hearing and reimbursement mandatory in all cases, adding a penalty for cases refiled merely to avoid an unsatisfactory award.

Appellants' writ of error is granted; the order of dismissal is set aside; and the case is remanded to the trial court for a hearing on appellants' claim for reimbursement for fees and expenses.

---

3. *Salvaggio v. Brazos County Water Control & Improvement District No. 1*, No. 17203 (Tex. Civ.App.-Houston [1st Dist.], Nov. 2, 1978).

4. Subsequently amended: Tex.Rev.Civ.Stat. Ann. art. 3265, § 6 (Vernon Supp.1980).