Jimmy W. CASSITY, et al., Appellants,

v.

GULF STATES UTILITIES
COMPANY, Appellee.

No. 8619.

Court of Civil Appeals of Texas,
Beaumont.

March 26, 1981.

Rehearing Denied April 16, 1981.

C. E. Nadeau, Houston, for appellants.

Paul W. Gertz, Beaumont, for appellee.

DIES, Chief Justice.

Gulf States Utilities Company, as plaintiff below, sued Jimmy W. Cassity, Alma G. Cassity, Jimmy Cassity, as trustee for Jerry Wayne Cassity, and Jerry Wayne Cassity, individually, defendants below, to condemn an easement 150 feet in width for high voltage lines across land of defendants. Special commissioners were appointed, an award entered, and subsequently plaintiff moved for a non-suit. The court dismissed the cause and, after a hearing, awarded defendants reasonable expenses of $9,712.85. It is from this order defendants perfect this appeal, contending they are entitled to three times this amount. Plaintiff has filed a new suit in condemnation changing somewhat the description of the land and adding a lienholder as a party defendant.

The only question to be answered by us is whether the following statute requires treble expenses. We answer this in the negative for the reasons hereafter stated. *Tex. Rev.Civ.Stat.Ann. art. 3265 § 6* (Supp.1980–1981) in part provides:

"[P]rovided, however, after a special commissioners hearing has been held and the special commissioners have made an award, the plaintiff will not be permitted to dismiss the condemnation proceedings merely to file a new petition in condemnation involving substantially the same taking against the landowner in an effort to secure a lower commissioners award from a second special commissioners hearing. If the plaintiff does dismiss and files a second petition in condemnation to condemn from the same landowner the same substantial interest in the land as in the first petition in condemnation, the landowner is entitled to three (3) times the amount of all expenses allowed the landowner prior to the dismissal of the first petition in condemnation."

The antecedent of this statute was designed to prevent condemnors from dismissing their case following an unfavorable award, only to refile again, often at substantial expense to the condemnee. See *City of Houston v. Biggers*, 380 S.W.2d 700 (Tex.Civ.App.—Houston 1964, writ ref'd n. r. e.), cert. den. 380 U.S. 962, 85 S.Ct. 1105, 14 L.Ed.2d 153.

In 1979 the statute was amended to provide for trebling condemnee's expenses. The operable word in this statute is "merely to file a new petition . . . in an effort to secure a lower . . . award. . . ."

In the case at bar, the parties stipulated that the non-suit (dismissal) "is not being taken to obtain a lower award." There has, apparently, been no Texas case construing this point, but the court by dicta in *Salvaggio v. Brazos Cty. Water Control, etc.,* 598 S.W.2d 663, 665 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ), observed:

"We note that the above cited 1979 amendments to article 3265 § 6 have made a hearing and reimbursement mandatory in all cases, adding a penalty for cases refiled merely to avoid an unsatisfactory award."

We believe this is the proper construction of the 1979 amendment. In the case at bar, defendant's counsel admitted in oral argument that the description of the land to be condemned was different in the second suit, and it seems without doubt this is the reason for plaintiff's dismissal of the first suit. Under such a fact situation, we believe the Legislature did not intend a mandatory treble penalty. *Ringo v. Gulf States Utilities Co.,* 569 S.W.2d 31, 34 (Tex.Civ.App.—Beaumont 1978, writ ref'd n. r. e.). The order of the trial court is affirmed.

AFFIRMED.

KEITH, J., not participating.