Hager H. McCULLOUGH, et al., Appellants,

v.

PRODUCERS GAS COMPANY, Appellee.

No. 6217.

Court of Civil Appeals of Texas, Waco.

May 14, 1981.

Rehearing Denied June 11, 1981.

James H. McCullough, Palmos & Russ, Hearne, for appellants.

Jack K. Smith, Smith, Ralston & Russell, Corsicana, for appellee.

## OPINION

JAMES, Justice.

This is a condemnation suit in which Plaintiff/Condemnor Producers Gas Company dismissed its condemnation proceedings and refiled condemnation proceedings covering identical lands. Defendants/Condemnees Hager H. McCullough, et al., moved for allowances of attorney's fees, appraiser's fees and other expenses pursuant to Subdivision 6, Article 3265, Vernon's Annotated Texas Civil Statutes, which the trial court denied in rendering judgment for Plaintiff/Condemnor.

During the summer of 1979, Plaintiff's agents contacted Mackie Lee McCullough, one of Defendants/Condemnees, about purchasing an easement across the McCullough property located in Robertson County. After several weeks of negotiations it became apparent that an agreement could not be reached, and on August 13, 1979, Plaintiff Producers Gas Company filed its Original Statements and Petitions for Condemnation in Cause Numbers 6, 7 and 8. Hager H. McCullough, Delzie McCullough, Mable McCullough, Reba McCullough and Mackie Lee McCullough were named as Defendants. Of these, only Mackie Lee McCullough and Hager H. McCullough were personally served with notice of the hearing. Producers Gas Company claimed that its failure to serve the other three was due to the request of Hager H. McCullough that his mother, Reba McCullough, who was elderly and ill, not be disturbed, as well as his request to accept service in behalf of the other two ladies, being his wife and his son's wife.

On August 28, 1979, condemnation hearings were held in Cause Numbers 6, 7 and 8 before three Special Commissioners at the County Courthouse in Franklin, Robertson County, Texas. Awards were entered in each cause. None of the McCullough family appeared at the hearing, a failure they claimed was due to inadequate notice.

As a result, the McCulloughs filed a Petition for an Injunction on August 30, 1979, requesting the court to enter an order preventing Plaintiff Producers Gas Company from going on the McCulloughs' property, claiming the condemnation proceedings were void because of lack of proper service. On that day, August 30, 1979, a Temporary Restraining Order was granted preventing Plaintiff Producers Gas Company from going on the McCulloughs' property, and hearing was set for September 10, 1979, on the Temporary Injunction.

Meanwhile, on September 4, 1979, the McCulloughs filed their Plea in Abatement and Objections to the Award of Commissioners thereby transferring the administrative condemnation proceedings in Cause Numbers 6, 7 and 8 to judicial proceedings in the District Court under Cause Number 11,846.

On September 5, 1979, Plaintiff Producers Gas Company filed its Original Petitions and Statements for Condemnation in Cause Numbers 11, 12 and 13 requesting condemnation of identical lands described in Cause Numbers 6, 7 and 8. The condemnation hearing for Cause Numbers 11, 12 and 13 was set before the Special Commissioners for September 18, 1979.

On September 10, 1979, the McCulloughs appeared for the hearing for the Temporary Injunction previously set in the Temporary Restraining Order. Following such hearing, the court granted the McCulloughs' Motion for Temporary Injunction ordering that Plaintiff Producers Gas Company "desist and refrain from taking Defendants' lands ..., entering upon, remaining on, damaging, or otherwise interfering with Defendants' rights in said lands until judgment in this Cause is entered by this Court." Hearing was set for September 17, 1979. Also on September 10, 1979, the McCulloughs filed their Second Petition for Injunction asking that the Court enjoin the condemnation proceedings in Cause Numbers 11, 12 and 13 for the reason that Plaintiff Producers Gas Company had not dismissed or abandoned the condemnation proceedings in Cause Numbers 6, 7 and 8 then pending in District Court as Cause Number 11,846. The Court granted such relief in a Temporary Restraining Order issued that day and further set a hearing for Plaintiff to show cause why a Temporary Injunction should not issue for September 17, 1979. The petition had also requested that the Defendants McCulloughs be "awarded all necessary and reasonable attorney's, appraiser's, photographer's fees, court costs, and all other expenses to the date of hearing this motion."

On September 17, 1979, Plaintiff Producers Gas Company dismissed Cause Numbers 6, 7 and 8, and the Court was notified of such in open court. The McCulloughs, however, recognizing that the injunctions were both rendered moot, asked the court to grant the attorney's fees and appraiser's fees and expenses to the date of the hearing (September 17, 1979) under Article 3265, Subdivision 6, and produced testimony in this regard. The record contains a statement of facts of this hearing. No judgment was rendered at the conclusion of such testimony. On the same day, a settlement was negotiated between Producers Gas Company and the McCulloughs, and an easement was granted to Producers Gas Company, thus avoiding the condemnation proceedings set for the next day, September 18, 1979. All proceedings in Cause Numbers 11, 12 and 13 were dismissed subsequent to this settlement.

The pipeline was installed, and after two months with no further action by the Court in regard to Cause Number 11,846, Plaintiff Producers Gas Company filed a Motion to Dismiss Cause Number 11,846 on November 27, 1979. The same was dismissed on December 3, 1979, by the trial court. The McCulloughs, claiming they had received no notice of the dismissal, filed a Motion to Vacate the Order of Dismissal on January 2, 1980, on which day the trial court vacated such order, thereby reinstating the cause on the docket. The McCulloughs also filed that day a Motion Pursuant to Article 3265, Subdivision 6, again requesting recovery of attorney's fees and other expenses. The judge signed an order setting such motion for hearing for January 14, 1980. The McCulloughs' said Motion for Judgment asked that they (1) be allowed to offer additional testimony, (2) recover necessary and reasonable attorney's fees, appraiser's fees and other expenses in the amount of $8,331.30 and (3) recover an additional three times such allowance. Hearing on such motion was held January 14, 1980. The trial court signed the judgment subsequent to such hearing on January 21, 1980 in which he stated that the court "after hearing the evidence and arguments of counsel, is of the

opinion that Defendants should not be awarded an amount for attorney's fees, appraiser's fees and other expenses, and accordingly, Defendants' Motion per Texas Revised Civil Statutes, Article 3265, Subdivision 6, are herein denied." He further rendered judgment that the McCulloughs take nothing and taxed the costs of suit against them.

Appellants asserted two points of error on appeal, basically contending (1) that the trial court erred in denying their motion for allowance of attorney's fees, appraiser's fees, and all other expenses pursuant to Tex.Rev.Civ.Stat.Ann. Art. 3265, Subd. 6; and (2) alternatively, that it further erred in denying them judgment for treble damages under said statute.

Art. 3265, Subdivision 6, reads as follows:

"Where a plaintiff after filing a petition in condemnation, desires to dismiss or abandon the proceedings, said plaintiff shall by a motion filed to the judge of the court be heard thereon, and the court hearing the same shall make an allowance to the landowner for all necessary and reasonable attorneys', appraisers', and photographers' fees and all other expenses incurred to the date of such hearing on said motion; provided, however, after a special commissioners hearing has been held and the special commissioners have made an award, the plaintiff will not be permitted to dismiss the condemnation proceedings merely to file a new petition in condemnation involving substantially the same taking against the landowner in an effort to secure a lower commissioners award from a second special commissioners hearing. If the plaintiff does dismiss and files a second petition in condemnation to condemn from the same landowner the same substantial interest in the land as in the first petition in condemnation, the landowner is entitled to three (3) times the amount of all expenses allowed the landowner prior to the dismissal of the first petition in condemnation. The court will not appoint new commissioners under the second petition in condemnation, but the court will merely enter the special commissioners award as previously found under the first petition in condemnation as the award of the special commissioners in the second petition filed by the plaintiff."

■ Article 3265, Subdivision 6 as hereinabove quoted became effective in its present wording on May 17, 1979. In effect, the statute as now worded provides that where a condemnor after filing a petition in condemnation desires to and does dismiss or abandon the proceedings, upon motion filed to the judge of the court, the court upon hearing thereupon *shall* make an allowance for certain necessary and reasonable expenses. In other words, we believe the present language in the statute is *mandatory* upon the court with reference to allowing such expenses under the above conditions.

Prior to this 1979 amendment, such attorney's fees, appraiser's fees and other necessary expenses *incurred were proper allowances* to the landowner in a dismissal by the condemnor, but such an award was, under the former wording of the statute, *discretionary* with the trial court. See *Warner v. City of San Antonio* (Waco Tex.Civ.App. 1978) 564 S.W.2d 435, no writ; *McLennan and Hill Counties Tehuacana Creek Water Control District No. 1 v. Hennig* (Waco Tex.Civ.App.1971) 469 S.W.2d 590, no writ.

■ In the case at bar, under the present statute, in our opinion all of the elements of the statute have been fulfilled to entitle the Condemnees to some type of award for the expenses contemplated by said statute, and as sought by the Condemnees herein. On August 13, 1979, the Condemnor filed the first petitions in condemnation. On September 17, 1979, the Condemnor dismissed these petitions. We have outlined hereinabove the detailed factual background of dealings in this connection, together with the respective arguments of the parties whereby they sought to justify or explain the actions taken respectively by them. Suffice it to say at this point that we believe that when Producers filed the first petitions in condemnation and then subsequently dismissed them, whereupon the

Condemnees filed their Motion for Allowance of the expenses in question, that the trial court after hearing was obliged and under a duty to make an award of some kind in favor of Condemnees for such expenses contemplated by the statute, and the court's failure to make any such award was error. We therefore sustain the Appellant-Condemnees' first point of error, and thereby reverse and remand the cause for trial on the merits.

Appellant-Condemnees' second point of error asserts error of the trial court in refusing to award them three times the allowance of attorney's fees, appraiser's fees, and other expenses sued for under the provisions of Article 3265, Subdivision 6. We express no opinion as to whether Appellants are entitled to such treble recovery, since this is a matter which should and must await a full development of the facts in a retrial of this matter.

REVERSED AND REMANDED.