**BRAZOS COUNTY WATER CONTROL AND IMPROVEMENT DISTRICT NO. 1, Appellant,**

v.

**Angelina SALVAGGIO, et al., Appellees.**

**No. 01–85–0098–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 29, 1985.
Rehearing Denied Sept. 26, 1985.

Karl C. Hoppess, James A. Gieseke, Hoppess, Cowgill & Emmott, P.C., Houston, for appellant.

Robert L. Burns, David F. Beale, Sears & Burns, Houston, for appellees.

Before COHEN, JACK SMITH and DUNN, JJ.

## OPINION

JACK SMITH, Justice.

This is an appeal from an award of attorneys' fees and expenses to landowners after the condemnor voluntarily dismissed condemnation proceedings. In seven grounds of error the appellant, condemnor, alleges that the trial court erred in awarding attorneys' fees and expenses because (1) the services were performed in other causes of action, (2) part of the services were performed subsequent to the original dismissal to this cause of action, (3) a total award of $71,774.38 in attorneys' fees and expenses is excessive and there is no evidence or insufficient evidence to support such an award, and that such an award is against the great weight and preponderance of the evidence.

In 1969 and 1970, the appellant, a statutorily created water district, instituted condemnation proceedings to obtain easements on two tracts of land owned by appellants in cause numbers 220–A and 221–A in the County Court At Law in Brazos County. The special commissioners appointed by the county court made awards to the appellees who timely filed objections to the awards.

When the appellant sought to enter the property in 1974, the county court denied the appellees' petition for temporary injunctions, and the landowners appealed to this court. After this court issued injunctions to preserve subject matter jurisdiction, the U.S. Soil Conservation Service removed the pending appeals to a U.S. District Court. The federal district judge to

whom the case was assigned refused to remand the case to the state courts and the appellees made three unsuccessful attempts to get the United States Court of Appeals for the Fifth Circuit to remand. Later, the case was transferred to another federal district judge who remanded the cases to the state courts.

In October 1977, the appellees were notified of the appellant's intention to dismiss. However, when the cases were dismissed, the appellees were given no notice of the hearing on the dismissal and no notice was given to the trial court of the appellant's intention to refile.

One month later, in November 1977, the appellant instituted new condemnation proceedings against the appellees on substantially the same tracts of land in cause numbers 233–A and 234–A. Once again, the appellees sought temporary injunctions from the county court to prevent the appellant from entering the property. The trial court again denied the appellees' request for the injunctions, and on appeal, this court again issued injunctions to preserve subject matter jurisdiction. This court then reversed the denial of injunctions by the trial court.

In November 1978, the appellant then filed motions to dismiss without stating that it intended to refile, and both suits were dismissed without hearings. The appellant refiled both cases in January 1979.

The appellees then filed writs of error with the Fourteenth Court of Appeals, which writs were dismissed on certificate. After the Texas Supreme Court, 598 S.W.2d 227, remanded to that court to determine the merits of the writs of error, the court reversed the orders of dismissal and remanded to the trial court for a hearing on the landowners' claim for reimbursement for fees and expenses incurred. 598 S.W.2d 663.

On remand, in December 1984, the Brazos County Court at Law signed a judgment awarding the appellees attorneys'

fees and expenses totalling $71,774.38 and dismissing the condemnation suits. This appeal is from that judgment.

In its point of error one, the appellant alleges that the trial court erred in awarding attorneys' fees and expenses for services performed in other causes of action. It specifically complains that the causes of action commenced in 1969 and 1970 were not appealed and that since appellees did not assert their rights by appealing, the amount awarded for fees and expenses incurred in the those suits was improper.

■ The appellant correctly states that the prior opinions issued in previous appeals in this case are silent as to whether attorneys' fees are to be allowed for the suits dismissed in 1977. The appellant also correctly states that a strict reading of the statute in effect when the motions to dismiss were filed indicates that attorneys' fees and expenses may be allowed in the case being dismissed, but makes no provision for attorneys' fees to be awarded for prior suits. Under that statute, a condemnor could avoid attorneys' fees if, in connection with its motion to dismiss, it advised the court that it intended to refile, and it actually refiled within a reasonable time. Tex.Rev.Civ.Stat.Ann. art. 3265, sec. 6 (repealed).[1] Two courts of appeals have indicated in dicta that attorneys' fees for a dismissed suit could be recovered under article 3265 in a refiled suit, when attorneys' fees were properly avoided in the dismissed suit. *Warner v. City of San Antonio,* 564 S.W.2d 435, 437 (Tex.Civ. App.—Waco 1978, no writ); *Huntsville Independent School District v. Scott,* 483 S.W.2d 344, 348 (Tex.Civ.App.—Houston [14th Dist.]), *writ ref'd n.r.e.,* 487 S.W.2d 692 (Tex.1972).

In the instant case, the appellant did not properly avoid liability for the appellees' attorneys' fees in cause nos. 220–A and 221–A because it failed to advise the court that it intended to refile. We are unable to

1. Ch. 772, sec. 1, 1969 Tex.Gen.Laws 2293, *repealed by* Property Code Act, ch. 576, sec. 6,

1983 Tex.Gen.Laws 3729.

176 ■ .

ascertain to what extent the appellees were prevented from appealing those causes by appellant's failure to give proper notice to appellees of the dismissal hearings. The question is whether the appellees have waived their right to those fees by failing to pursue the matter at the time the first cases were dismissed.

Prior to 1969, there was no restriction on the dismissing and refiling of condemnation proceedings. Article 3265, sec. 6, enacted in 1969, indicates the legislature's intent to require condemnors to act more responsibly and fairly toward landowners by awarding attorneys' fees and expenses in some cases. The 1969 legislation made the award discretionary with the trial court. Legislation effective in May 1979 made the award of attorneys' fees and expenses mandatory, removed the provision for avoidance of the fees through notice and refiling, prohibited the appointment of new special commissioners when a condemnor refiled against the same landowners on substantially the same interest in land, provided that condemnors could not dismiss and refile merely to obtain a lower price on the land, and provided for damages of treble the fees and expenses already awarded in the prior suit if a condemnor refiled on the same owner and same land. Tex.Rev. Civ.Stat.Ann. art. 3265, sec. 6, as amended (repealed).[2] The 1979 provisions were carried over into the new property code. Tex. Prop.Code Ann. secs. 21.019, 21.020 (Vernon 1984).

■ The instant proceedings are essentially continuations of the earlier actions, even though they are two different sets of suits. It is undisputed that the appellees did not receive notice of the hearing on the 1977 motions to dismiss the original suits. Although appellees did not appeal the 1977 dismissals, the legislature has made its intent abundantly clear that condemnors should treat condemnees fairly and reasonably by compensating the landowner for fees and expenses when condemnation

suits are dismissed. Since the appellant failed to provide notice of the 1977 dismissals and failed to give notice of its intention to refile, then immediately thereafter refiled almost identical proceedings, we conclude that the trial court properly included the fees and expenses from the first suits in its order. The appellant's first ground of error is overruled.

[3] In its second ground of error, the appellant alleges that it was error for the trial court to award attorneys' fees and expenses for services performed subsequent to the original dismissal of this cause in November 1978. Article 3265, sec. 6 (Vernon 1969) indicated that the court should hold a hearing on a motion to dismiss. Fees and expenses incurred were to be considered at such hearing. The only hearing shown by the record is the one held on August 30, 1984, which resulted in the court entering its December 1984 order, which is the basis of this appeal. All prior dismissals of cause nos. 233–A and 234–A were set aside by the 14th Court of Appeals. *Salvaggio v. Brazos County Water Control & Improvement District No. 1,* 598 S.W.2d 663, 665 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ); *Rotello v. Brazos County Water Control & Improvement District No. 1,* 598 S.W.2d 666 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ). Since the causes of action were still on the trial court's docket and the parties were actively pursuing this litigation until August 1984, when trial was had, we find no merit to the appellant's claim that the appellees were not entitled to attorneys' fees and expenses incurred after the dismissals were set aside on appeal. Appellant's second point of error is overruled.

■ The appellees' reply point two contends that the appellant's points of error three through seven cannot be considered or sustained because the appellant has not challenged any of the trial court's findings. The appellees are correct that unchallenged

2. Ch. 206, sec. 1, 1979 Tex.Gen.Laws 449, *repealed by* Property Code Act, ch. 576, sec. 6,

1983 Tex.Gen.Laws 3729.

findings of fact are binding on the appellate court. *E.g., Hill v. Galveston Housing Authority,* 593 S.W.2d 741, 743 (Tex. Civ.App.—Houston [1st Dist.] 1979, no writ). This rule applies where certain findings are not challenged; however, in the instant case, though the appellant did not mention findings of fact in its points of error, it clearly challenges the sufficiency of the evidence to sustain the findings of fact regarding the amount of fees and expenses awarded. Under such circumstances, the appellate court should consider the points of error, if the arguments and law under a specific point are such that they will acquaint the appellate court with the complaint being alleged. *Wootan v. American Motorist Ins. Co.,* 570 S.W.2d 572, 573 (Tex.Civ.App.—Corpus Christi 1978, no writ); Tex.R.Civ.P. 422. We will therefore consider appellant's points of error three through seven.

In its point of error three, the appellant alleges that the trial court erred in awarding expenses in excess of the amounts supported by the evidence. The trial court awarded the landowners $4,628.55 for expenses. The appellant states the total expenses proven by the evidence were $4,364.95.

The appellant and appellees agree that expenses are to be calculated by totalling the amounts detailed in Defendant's Exhibits 26 and 27. Mr. Robert Burns, attorney for appellees, testified on cross-examination that the expenses listed for court reporters for the appellees on May 31, 1979, were for other suits and not properly chargeable in the present computation. The trial court apparently deducted these amounts in its computations. However, Mr. Burns also testified that Brazos County had refunded each of his clients the sum of $354.60. The trial court in its computations apparently overlooked this testimony. We find no other error in the trial court's computations. The final judgment of the court awarded $2,355.92 for Rotello expenses, and $2,272.63 for Salvaggio expenses. We sustain the appellant's point of error three and reform the trial court

judgment for Rotello expenses to a total of $2,001.32 and the Salvaggio expenses to a total of $1,918.03.

In points of error four through seven, the appellant attacks the trial court award of $71,774.38 in attorneys' fees and expenses alleging: (1) that the award is unreasonable and excessive, (2) that there is no evidence or insufficient evidence to support the award, and (3) that such award is against the great weight and preponderance of the evidence. The appellant says the award is excessive because it greatly exceeds the amount in controversy. The record before this court does not reflect what amount is in controversy. Although the parties in their briefs refer to certain figures, we have nothing in our record to substantiate the figures stated by the parties.

The amount of attorneys' fees awarded is within the sound discretion of the trial court and should not be disturbed on appeal unless there is an abuse of discretion. *City of Houston v. Blackbird,* 658 S.W.2d 269, 274 (Tex.App.—Houston [1st Dist.] 1983, writ dism'd).

In determining whether an award of attorneys' fees is excessive this court should look at the entire record, the testimony and the nature of the case, as well as the amount in controversy, and should also use its own common knowledge and experience as lawyers and judges. *E.g., Failing v. Equity Management Corp.,* 674 S.W.2d 906, 910 (Tex.App.—Houston [1st Dist.] 1984, no writ). In the instant case, the appellees sought not merely to increase the award for their land, but to twice prevent illegal entry by the appellants, and to prevent condemnation altogether. The first appeal was complicated by removal from a state court to a federal court and by appeals to the federal appellate court. When the second proceedings were dismissed, appellees were forced to appeal all the way to the Texas Supreme Court to obtain an order which entitled them to a hearing on their claim for expenses and attorneys' fees.

The appellant also attacks the amount of the fees charged by the appellees' attorney and asserts that the trier of facts should consider the amount charged by others in the locality doing similar work. *Terminix International, Inc. v. Lucci*, 670 S.W.2d 657, 666 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.).

The trial court has great latitude in fixing attorneys' fees. The court must consider several elements, including the amount involved, the actual services performed, the time required for trial, the situation of the parties, and the results obtained. *Id. Terminix* upheld an award of attorneys' fees when the appellant's attorney had charged only half as much per hour as the appellee's attorney, and the appellant had contended the appellee's charges were excessive. The testimony in the instant case is similar. The appellees' attorneys charged $75 and $40 per hour respectively for two attorneys in 1972, with the fee rising to $250 per hour for each in 1984. On the other hand, appellant's attorney testified that Brazos County lawyers charged $40 per hour in 1972 with their fees rising to $125 per hour by 1983. He also testified that he charged the appellant $50 to $65 per hour for his time.

The appellees' attorney also testified that his charges were reasonable and necessary and that he thought his fees were customary for similar services "in local and state." However, on cross-examination he admitted that he did not know what the customary fee would have been in Brazos County.

In the instant case, the judge not only had an opportunity to hear all the evidence but also an opportunity to apply her own common knowledge and experience as a lawyer and a judge. The appellant would have us hold that the statement, "the trier of fact should consider the amount charged by other attorneys in the locality doing similiar work," is limited to the charge made by other attorneys in a specific county, in this instance Brazos County. We reject this argument and hold that the trier of fact should consider the amount charged by other attorneys in the

general locality or area doing similar work. Since the attorneys for each of the contestants in this appeal were also the attorneys at the trial court level, it is obvious that they do not restrict their practice to one county. This is so because the trial court was located at Brazos County and this court is located in Harris County. Both attorneys were familiar with usual and customary attorneys' fees charged in the general area of the trial court. To require that an attorney know the usual and customary reasonable fees in every individual county or city within the area of a trial court would be unduly restrictive. We hold that there is sufficient evidence in the record to support the trial court's award of attorneys' fees and expenses and we find no abuse of discretion by the trial court. The appellant's points of error four through seven are overruled.

The judgment of the trial court is reformed to deduct $354.60 from the expenses awarded to each appellee and as reformed, the judgment of the trial court is affirmed.