all am. pipeline v. Jensen 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-89-261-CV




ALL AMERICAN PIPELINE COMPANY,



 APPELLANT


vs.





JENSEN ENTERPRISES, ET AL.,



 APPELLEES



 




FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT



NO. 21,736, HONORABLE CHARLES E. LANCE, JUDGE 




 





 This appeal arises out of a dismissal of condemnation
proceedings instituted by appellant ("All American") and the trial
court's subsequent award of attorney's fees to appellees. All
American argues that the trial court abused its discretion in
awarding appellees attorney's fees for the time they expended in
preparing for trial. We will affirm the judgment of the trial
court.

 All American instituted condemnation proceedings against
property owned by appellees. The case was set for a jury trial on
September 13, 1989. On September 6, 1989, All American moved for
a continuance. (1) The trial court denied the motion. At
approximately 3:00 p.m. on September 12, 1989, All American filed a motion for nonsuit, which the trial court granted. The trial
court scheduled a hearing for the following day to determine the
amount of reasonable and necessary fees appellees were entitled to
recover for attorneys, appraisers, and photographers, as well as
for other expenses incurred to the date of the hearing. See Tex.
Prop. Code Ann. § 21.019 (1984 & Supp. 1991).

 Mark M. Humble, Aaron L. Jackson, and John Henderson
testified as to appellees' reasonable and necessary fees. Based on
this testimony, the trial court awarded appellees $51,000 for
reasonable and necessary attorney's fees earned by Mark M. Humble,
$6,300 for reasonable and necessary attorney's fees earned by Aaron
L. Jackson, and $5,000 for expert witness fees earned by John
Henderson. The trial court also awarded appellees $7,000 as
reasonable and necessary fees in the event of an appeal to this
Court, $2,500 as reasonable and necessary fees in the event of an
appeal to the supreme court, and $2,500 as reasonable and necessary
fees in the event that the supreme court grants application for
writ of error. The trial court also awarded appellees all court
costs.

 All American argues on appeal that the trial court erred
in awarding attorney's fees and expenses to appellees because the
sums awarded were unreasonable and unnecessary. The Texas Property
Code states that a court granting a motion to dismiss a
condemnation proceeding "shall make an allowance to the property
owner for reasonable and necessary fees for attorneys, appraisers,
and photographers and for the other expenses incurred by the
property owner to the date of the hearing." Tex. Prop. Code Ann.
§ 21.019(b) (Supp. 1991). See also McCullough v. Producers Gas
Co., 616 S.W.2d 702, 705 (Tex. Civ. App. 1981, writ ref'd n.r.e.). 
The only criteria to be considered by a trial court in determining
whether to award these fees is whether they are "reasonable and
necessary." City of Wharton v. Stavena, 771 S.W.2d 594, 595 (Tex.
App. 1989, writ denied). The allowance of attorney's fees rests in
the sound discretion of the trial court, and its judgment will not
be reversed in the absence of a showing of an abuse of that
discretion. Keller Industries, Inc. v. Reeves, 656 S.W.2d 221, 228
(Tex. App. 1983, writ ref'd n.r.e.). 

 Appellees presented sufficient evidence to suggest that
both the work performed and the fees charged by their attorneys and
appraisers were necessary to prepare for the condemnation
proceedings and were reasonable by community standards. All
American did not controvert the testimony elicited from attorneys
Humble and Jackson and from appellees' expert witness Henderson. 
Since the trial court properly found from the evidence that the
fees satisfied the criteria provided in § 21.019(b), it did not err
in ordering All American to pay those fees. See Stavena, 771
S.W.2d at 596. We therefore overrule All American's point of
error. 

 In a cross-point of error, appellees urge that the
district court erred in denying their motion for discovery
sanctions. Appellees argue that the nonsuit by All American could
not deprive them of rights they would have had if the case had not
been dismissed. See Tex. R. Civ. P. Ann. 162 (Supp. 1991); Tex.
Prop. Code Ann. § 21.018(b) (1984). We have reviewed appellees'
motion for discovery sanctions and note that it does not ask for
monetary sanctions; the motion requests only other means of relief
available under Tex. R. Civ. P. Ann. 215 (Supp. 1991). Appellees'
request for relief became moot when All American abandoned the
condemnation proceedings and filed its motion for nonsuit and
dismissal. Therefore, appellees' cross-point is overruled.

 The judgment of the trial court is affirmed.





 

 Mack Kidd, Justice

[Before Justices Powers, Aboussie and Kidd]

Affirmed

Filed: August 14, 1991

[Do Not Publish]
1. Appellant attempts to present the Court with facts
extracted from the hearing on the motion for continuance. 
However, the record on appeal does not include a transcript of
the statement of facts from this hearing. We will therefore
consider and refer only to the statement of facts of the district
court proceedings that have been presented on appeal. See Tex.
R. App. P. Ann. 74(f) (Pamph. 1991).