SOCIETY OF MARY'S STARS, INC., Appellant,

v.

The STATE of Texas, Appellee.

No. 2–87–141–CV.

Court of Appeals of Texas, Fort Worth.

April 6, 1988.

Rehearing Denied May 4, 1988.

---

**3.** Issues regarding the validity and enforceability of the guaranty contract will not be addressed.

Bernard J. Dolenz, Kenneth Babcock, Dallas, for appellant.

Jim Mattox, Atty. Gen., Mary F. Keller, Executive Asst. Atty. Gen., Richard D. Naylor, Dean Arrington, and Michael E. Stork, Asst. Attys. Gen., Austin, for appellee.

Before FENDER, C.J., and JOE SPURLOCK, II and LATTIMORE, JJ.

## OPINION

FENDER, Chief Justice.

This is an appeal by appellant, Society of Mary's Stars, Inc., defendant below, from an eminent domain suit filed by the State, appellee. The district court granted an instructed verdict holding that the Society of Mary's Stars, Inc. (hereinafter Star House) had no compensable interest in the property condemned by the State.

We affirm.

The suit was instituted by the State of Texas by filing an "Statement or Petition for Condemnation" on September 28, 1982, against numerous parties. A Commissioners' hearing was held on December 17, 1982, and the Commissioners awarded all the persons who claimed an interest in the property the lump sum of $508,000.00. A number of the twenty-one named defendants filed objections and exceptions to the award of the Commissioners based on the Commissioners' failure to apportion the award among the various parties in accordance with their respective interests.

Eventually, the State and all of the defendants, except Star House and the Do-

lenzes,[1] filed a motion for partial summary judgment seeking to have a portion of the award which had been deposited into the registry of the court disbursed to the fee owners of the property, to conduct a trial to determine the conflicting interests among the leasehold claimants, and then to disburse the remainder of the award consistent with its findings. The record does not reflect whether the motion for partial summary judgment was denied or granted.

At trial, the co-defendants moved for an instructed verdict against Star House based on the fact that there was no showing the Dolenzes ever had any interest to transfer to Star House and no documentation reflecting a transfer of any interest from the Dolenzes to Star House of any long-term leasehold interest. The trial court granted the motion holding that Star House had no compensable interest in the property. The remaining parties then entered into a settlement agreement disposing of the rest of the case.

Star House has named only the State as appellee in this case, but the clerk of the trial court has added other defendants as additional appellees, i.e., George Walker Cearley, John L. and Methe Wilson, Maureen Armour, and Foster & Kleiser. It appears that Star House does not appeal from the portion of the judgment awarding the other defendants money from the State, but rather Star House appeals only from the portion of the judgment ordering Star House take nothing from the State.

■ Star House argues in its first two points of error that the district court did not have jurisdiction to determine whether Star House had a compensable interest, and that all adverse parties were estopped to deny that Star House had an interest in the property. The gravamen of the first part of appellant's argument is that the district court exceeded the scope of its jurisdiction by adjudicating an issue involving appellant's title.

District courts possess concurrent jurisdiction with county courts at law in cases involving eminent domain, and in cases involving issues of title the district court has exclusive jurisdiction. *See* TEX.PROP. CODE ANN. secs. 21.001, 21.002, and 21.003 (Vernon 1984).

Star House asserts that the district court could not adjudicate the respective rights of competing claimants in a condemnation suit because the parties should have filed a separate trespass to try title lawsuit. We find no authority that would support Star House's contention. In fact, it is well-settled that where there is a genuine issue as to title to the tract of land being condemned, the county court must transfer the case to the district court. *Zucht v. City of San Antonio*, 698 S.W.2d 168, 169 (Tex. App.—San Antonio 1984, no writ).

■ Appellant next contends that prior to trial the existence of appellant's interest in the property was never raised by any party, thereby all parties are now estopped to argue the contrary. As support for its estoppel argument, Star House asserts that the State by bringing the condemnation proceeding against Star House admitted it had certain rights in the land.

To use the fact that Star House was named in the condemnation suit to estop all parties from denying that Star House had a compensable interest is unreasonable. The State had to join all parties who claimed any interest, valid or not, in order to avoid subsequent lawsuits by those persons at a later time, and in order to obtain good fee simple title to the property. Moreover, the issue of the respective interests of the parties was clearly raised by the pleadings as an issue to be tried. For example, the Wilsons in their objections and exceptions to the award of the Commissioners complained that the Commissioners failed to apportion the award to the various parties according to their respective interest. Even Star House in its pleadings alleged that "[t]he awarding of one sum to all

---

1. Star House was and still is represented by Dr. Bernard J. Dolenz. Dr. Bernard J. Dolenz and Dalila R. Dolenz were named by the State as possibly claiming an interest in the property.

However, the Dolenzes took the position at trial that any leasehold interest owned by them was sold pursuant to a contract to Star House on April 28, 1982.

Defendants, including leasehold Defendants, is contrary to law and fails to apportion among all Defendants the award to which they are by law entitled." Additionally, the motion for partial summary judgment filed by a number of parties stated:

> The parties further request that this court keep this case on its docket and try the issues among the leasehold owners to the jury or to the court to determine the conflicting interests between those clients represented by, on the one hand, Eddie Vassallo and George C. Thompson Associates, and, on the other hand, those clients represented by Bernard J. Dolenz and Don McDaniel.

Clearly, Star House had ample notice that title was in dispute, and its argument of estoppel must fail. Points of error one and two are overruled.

Appellant's last three points of error generally challenge the trial court's instructed verdict and more specifically, challenge the trial court's exclusion of Star House's exhibits nos. 2 and 3 from admission into evidence.

Star House had the burden to establish prima facie proof of its ownership interest in the subject property and the value of that interest. *See State v. Walker,* 441 S.W.2d 168, 170 (Tex.1969); *Colley v. Carleton,* 571 S.W.2d 572, 574 (Tex.Civ. App.—Corpus Christi 1978, no writ); *Aronoff v. City of Dallas,* 316 S.W.2d 302, 310 (Tex.Civ.App.—Texarkana 1958, writ ref'd n.r.e.). Until Star House had introduced evidence of damages to its alleged leasehold estate, the fee owners had no burden to go forward to refute such interest. *See Colley,* 571 S.W.2d at 574.

■ The evidence offered by Star House at trial to establish its leasehold estate consisted of certain testimony by McDonough and Viafore. McDonough's testimony refers only to Star House's exhibit no. 1 which was a contract executed between the Dolenzes and Star House purporting to sell only a building, and no fee or leasehold interest in any real property. McDonough's testimony and the contract do not identify what interest in the building was being sold, nor is there any evidence in the record that the Dolenzes owned any interest in the property which they could convey to Star House. Dr. Dolenz's own testimony that he had acquired a leasehold interest in the property was insufficient evidence to establish his ownership. *See Fort Worth Neuropsychiatric v. Bee Jay Corp.,* 600 S.W.2d 763, 765–66 (Tex.1980).

As for Viafore's testimony, it is equally insufficient in establishing that Star House had a compensable interest in the property. Viafore was merely called as an expert appraisal witness to value a leasehold interest in the property. His appraisal was based upon the assumption that Star House had validly been assigned full interest in a certain lease referred to as the Bloxom lease. However, the record is devoid of any evidence that Star House or the Dolenzes ever acquired an assignment of the Bloxom lease.

■ Next we must consider the inadmissible nature of Star House's exhibits nos. 2 and 3. The trial court ruled that both exhibits were nonprobative and irrelevant to show the existence of a leasehold interest in the property. We agree.

Star House's exhibit no. 2 is a deed of trust from Star House to the Dolenzes. A deed of trust, in and of itself, has no relevancy in a condemnation suit to the value or fair market value of a piece of property. A deed of trust can be executed securing any amount of debt, and it is wholly irrelevant to the value of the property. Furthermore, the fact that a party executes a deed of trust is no evidence that that party has an interest in the property.

Star House's exhibit no. 3 purports to be a warranty deed transferring a leasehold interest in the subject property to Star House. The warranty deed, like the deed of trust, was executed two months after the petition in the condemnation suit was filed. The admission of the warranty deed into evidence would have been unduly prejudicial because it would have permitted Star House and the Dolenzes to have manufactured a high purchase price for the alleged leasehold estate.

We also note that a request was made by defendant Williams that Dr. Dolenz produce all documents and instruments of title for an October 24, 1984 oral deposition set for Dr. Dolenz. Dr. Dolenz produced no documents or instruments of his leasehold interest during his deposition claiming, "I do not have that, and the reason for it is that particular building was placed in a trust, a Clifford trust that my ex-wife had, my now ex-wife had put together with Continental National Bank, and during the divorce proceedings ... the paperwork ... has been misplaced somewhere and I looked for it...." Prior to trial, Dr. Dolenz never attempted to supplement his October 24, 1984 deposition by bringing forth the requested documents which would have included a deed of trust and warranty deed. Furthermore, during the course of the trial, Star House never provided a lease or terms of a lease which would evidence whatever interest Star House was obtaining or sought to obtain by virtue of the warranty deed.

Even had the trial court admitted Star House's exhibits nos. 2 and 3, Star House would have still failed to make a prima facie case that it owned a compensable interest in the property. Both exhibits relate only to the sale of an alleged interest from the Dolenzes to Star House and do not constitute evidence that the Dolenzes owned interest in the property.

In reviewing the granting of the directed verdict by the trial court along with the evidence in a light most favorable to Star House, *see Jones v. Tarrant Utility Co.,* 638 S.W.2d 862, 865 (Tex.1982), we conclude Star House failed to produce competent evidence that it had a valid compensable interest in the property. It is true that Star House in a hearing on its motion for new trial urged that the trial court "take judicial notice of all of the certified copies before the Court that show that the chain of title, which include the contract of sale of the leasehold interest, the assignment ... the ratification of the transfer of lease...." However, the issue as to the documents was not a new issue and did not constitute newly discovered evidence. Dr. Dolenz admitted at his oral deposition,

nearly three years earlier, that these documents were at the Continental National Bank and available to him. Dr. Dolenz claims that by due diligence he was able to produce the documents for Star House's motion for new trial. Nevertheless, the record does not reflect a similar effort on the part of Dr. Dolenz when a motion in limine filed on February 17, 1987, specifically requested he produce "[a]ny written documents purporting to be a lease...." Nor do we find an explanation in the record why the due diligence efforts of Dr. Dolenz could not have produced these documents at an earlier date. Accordingly, Star House's points of error three, four, and five are overruled.

The trial court's judgment is affirmed.