**A.D. ZUCHT, III, et al., Appellants,**

v.

**CITY OF SAN ANTONIO, Appellee.**

No. 04–83–00217–CV.

Court of Appeals of Texas,
San Antonio.

Sept. 5, 1984.

Craig L. Austin, San Antonio, for appellants.

Harvey L. Hardy, William H. Robinson, San Antonio, for appellee.

Before ESQUIVEL, BUTTS and TIJERINA, JJ.

OPINION

TIJERINA, Justice.

This is a land condemnation case. The court rendered judgment for appellee, the City of San Antonio, based on the jury's answers to special issues, holding that appellee had title as a matter of law, to a disputed tract of land.

Initially, appellee filed administrative proceedings in County Court at Law No. 6 of Bexar County to acquire by eminent domain, for flood control purposes, title to a tract of land which included 2,241 square feet, claimed by appellants under a deed. The land was situated on the bed and bank

of the San Antonio River. The special condemnation commission awarded appellant $10,250.00. Appellant timely filed his objections and withdrew the award. Appellee, prior to trial in county court, filed an amended petition, claiming ownership of the 2,241 square feet of bed and bank of the San Antonio River within its original city limits by virtue of a grant from the king of Spain. The county court at law, considering that the question was title to the disputed tract, granted appellee's motion to transfer and transferred the case to the district court. Appellant's motion to dismiss for want of jurisdiction was denied. He was awarded compensation for the taking of 240 square feet, the easement rights, and damages to the remainder of the property.

It is appellant's contention that the county court at law and the district court have only appellate jurisdiction in appeals from the awards of the Special Commissioners. Specifically, he complains that the county court at law was authorized to determine only the issues raised at the administrative hearing and that the court should have dismissed the proceedings when appellee injected the question of title.

TEX.REV.CIV.STAT.ANN. art. 3266, § 4 (Vernon 1981) provides in pertinent part, viz:

> In any eminent domain case pending in a county court at law, whenever the judge of the court determines that the controversy involves a genuine issue of title or any other matter which cannot be fully adjudicated in the county court at law, he shall transfer the case to the district court.

*See City of Houston v. West,* 520 S.W.2d 752, 754 (Tex.1975).

Article 3266a was enacted by the Legislature in 1971 and captioned as an Act relating to jurisdiction of eminent domain cases and proceedings. This statute was repealed effective January 1, 1984, and the provisions of section 4 have been codified in Title 4, Action and Remedies, Chapter 21, Eminent Domain, Subchapter A—Jurisdiction, § 21.002 of the new property code.

TEX.PROP.CODE ANN. § 21.002 (Vernon 1983).

In *State v. Frost,* 456 S.W.2d 245, 255 (Tex.Civ.App.—Houston [14th Dist.] 1970, writ ref'd n.r.e.), the court stated:

> A condemning authority has the right to dismiss as to a portion of the land sought to be condemned or to relinquish rights originally sought by condemnation when this may be done without injury to the landowner.... [Cites omitted.] The law is clear that the condemnor has the right to amend its pleadings and take less.

■ In this case there was a genuine issue as to title to the tract of land being condemned, and the trial court was required by the statute in effect to transfer the case to the district court. Point of error one is overruled.

Appellant in his second point of error argues that the denial of the landowner's title required dismissal of the administrative proceedings. On the third point he contends that the denial of the landowner's title constitutes a voluntary implied abandonment of the administrative proceeding and that as a result he is entitled to compensation for his costs, expenses, and reasonable attorney's fees. The central issue arises from the trial amendment filed in county court at law No. 6, wherein appellee asserted a claim of title to part of the land sought to be condemned. Appellant contends that if the admission of the landowner's title is abrogated, jurisdiction terminates and the administrative proceeding must be dismissed, *citing Houston North Shore Railway Co. v. Tyrrell,* 128 Tex. 248, 98 S.W.2d 786, 793 (1936).

Prior to the enactment of the present statute, the Supreme Court in *Pearson v. State,* 315 S.W.2d 935, 937 (Tex.1958), held that the county court did not have general jurisdiction in condemnation proceedings, but only special jurisdiction in accordance with the provisions of article 3266, *supra,* then in effect. Subdivision 6 of article 3266, *supra,* was amended in 1961, providing that condemnation cases shall be tried and determined as in other civil causes in

the county court. Article 3266a was again amended in 1981, and section 1 provides that the district courts shall have jurisdiction concurrent with the county courts at law in eminent domain cases. "The county courts shall have no jurisdiction in eminent domain cases." The statutory procedures under article 3264 et seq., *supra*, have been repealed and are now codified in Chapter 21, Eminent Domain, Subchapter B—Procedure, of the new property code. TEX. PROP.CODE ANN. § 21.017 (Vernon 1983). This section provides for alternative pleadings asserting a claim to the property and § 21.018 provides that if a party files an objection to the finding of the Special Commissioners, the court shall cite the adverse party and try the case in the *same manner as other civil cases*. This demonstrates the true intent of the Legislature in the enactment of article 3266a, section 4, *supra*, which mandates that the county court at law, when confronted with an issue as to title to the land in controversy, shall transfer the case to the district court.

◼ In this case, appellant withdrew the Special Commissioners' award from the registry of the court and filed his objections. The jurisdiction of the county court at law was invoked when appellant timely filed his objections. After an award has been made and the money deposited in the registry of the court and the landowner has withdrawn the funds, he cannot thereafter contend that the taking was unlawful. *State v. Jackson*, 388 S.W.2d 924, 925 (Tex. 1965). The facts in the instant case manifest a necessity for the acquisition of the fee title, for flood control purposes, by condemnation. Thus, appellee was entitled to the fee title whether by condemnation or under their claim of title. We cannot agree with appellant's contention that the court should have dismissed the case when appellee injected the issue of title in the amended pleadings. In the alternative, appellant argues that the amended pleadings constituted a voluntary implied abandonment of the proceeding which entitled him to reimbursement of his expenses. Article 3265, § 6, *supra*, provides that:

Where a plaintiff after filing a petition in condemnation, desires to dismiss or abandon the proceedings, said *plaintiff shall by a motion filed to the judge* of the court be heard thereon, and the court hearing the same shall make an allowance for the landowner for all necessary and reasonable attorneys', appraisers', and photographers' fees and all other expenses incurred to the date of such hearing on such motion; ... [Emphasis added.]

*See McCullough v. Producers Gas Co.*, 616 S.W.2d 702, 705 (Tex.Civ.App.—Waco 1981, writ ref'd n.r.e.). The implementation of § 6 requires that a plaintiff shall file a motion advising the court of its intention to dismiss or abandon the proceeding in order to trigger the mandatory reimbursement of expenses provisions. In the case at bar, appellee did not file a motion to dismiss. We cannot construe appellee's amended pleadings, which claimed title to part of the land subject to condemnation, as constituting an implied abandonment of the cause of action. Prior case law in eminent domain cases has been abrogated by the statutory scheme and the various amendments controlling this cause of action. Points of error two and three are overruled.

The judgment is affirmed.