The STATE of Texas, Appellant,

v.

Kars TAMMINGA, et ux.,
et al., Appellees.

No. 10–95–226–CV.

Court of Appeals of Texas,
Waco.

Aug. 21, 1996.

Dan Morales, Attorney General, Jorge Vega, First Assistant Attorney General, Laquita A. Hamilton, Deputy Attorney General for Litigation, David A. Talbot, Jr., Assistant Attorney General, Chief Transportation Div., Grady Click, Mark Heidenheimer, Assistant Attorneys General, Austin, for appellant.

Glenn Sodd, Clay Beard and Ron Edmondson, Dawson, Sodd, Moe, Jacobson & Beard, P.C., Corsicana, for appellees.

Before CUMMINGS and VANCE, JJ.

## OPINION

CUMMINGS, Justice.

This is a condemnation case in which the State appeals the trial court's order granting the landowner's motion for severance. We affirm.

## I. PROCEDURAL AND FACTUAL BACKGROUND

In 1991, the State sought to condemn three separate parcels of property all owned by appellees, Kars and Grace Tamminga (hereafter the Tammingas), for the purpose of construction of the Superconducting Super Collider in Ellis County. The State originally brought three separate petitions for the condemnation of each of the three parcels, which we will refer to as Parcel A, Parcel B, and Parcel C. Approximately three years later, in March 1994, the Tammingas, in a motion that the State did not oppose, asked the trial court to consolidate the three condemnation petitions into one. The trial court granted the motion. After the consolidation, however, the State decided it no longer wished to condemn Parcel C, which the Tammingas assert is a "farm tract" that is "several miles away" from Parcels A and B. The record supports that assertion. Instead of dismissing the portion of the cause relating to Parcel C, on January 17, 1995, the State simply filed another condemnation petition that included Parcels A and B but excluded any mention of Parcel C.[1] The State apparently intended for this later-filed petition, which we will refer to as the State's second amended petition, to supersede and supplant the three petitions for condemnation that had been previously consolidated by the trial court. See TEX.R. CIV. P. 64, 65; *Drake Ins. Co. v. King*, 606 S.W.2d 812, 817 (Tex.1980); *Wren v. Texas Employment Comm'n*, 915 S.W.2d 506, 508 (Tex.App.—Houston [14th Dist.] 1995, no writ); *CIGNA Ins. Co. v. TPG Store, Inc.*, 894 S.W.2d 431, 434 (Tex.App.—Austin 1995, no writ).

In response to the amended condemnation petition filed by the State, the Tammingas filed a Motion for Attorney's Fees, Costs, Damages, and Other Expenses to recover the expenses they incurred in defending against the State's efforts to condemn Parcel C. They argued that Section 21.019 of the Property Code allows a landowner to recover such expenses when a condemnor brings a petition for condemnation that it later dismisses. TEX. PROP.CODE ANN. § 21.019 (Vernon 1984 & Supp.1996).[2] Therefore, asserted the

---

1. The State's petition for condemnation of Parcel A was docketed under cause number C–2537, Parcel B was under C–2715, and Parcel C was under C–2757. All three causes were then consolidated under cause number C–2757.

2. Section 21.019 reads:
   (a) A party that files a condemnation petition may move to dismiss the proceedings, and the court shall conduct a hearing on the motion. However, after the special commissioners have made an award, in an effort to obtain a lower award a condemnor may not dismiss the condemnation proceedings merely to institute new proceedings that involve substantially the same condemnation against the same property owner.
   (b) A court that hears and grants a motion to dismiss a condemnation proceeding made by a condemnor under Subsection (a) shall make an allowance to the property owner for reasonable and necessary fees for attorneys, appraisers, and photographers and for the other expenses incurred by the property owner to the date of the hearing.
   (c) A court that hears and grants a motion to dismiss a condemnation proceeding made by a property owner seeking a judicial denial of the right to condemn or that otherwise renders a judgment denying the right to condemn may make an allowance to the property owner for reasonable and necessary fees for attorneys, appraisers, and photographers and for the other expenses incurred by the property owner to the date of the hearing or judgment.
   TEX. PROP.CODE ANN. § 21.019 (Vernon 1984 & Supp.1996).

Tammingas, the State's exclusion of Parcel C in its second amended petition was tantamount to a dismissal of its original petition to condemn Parcel C, which clearly authorized the Tammingas to recoup their expenses pursuant to Section 21.019. It appears from the record that this motion was never ruled upon by the trial court.

The Tammingas subsequently filed a motion to sever the issues concerning Parcel C from Parcels A and B. Their intention in filing the motion for severance apparently was to compel the State either to proceed in its condemnation efforts against Parcel C or to be forthright in its decision to abandon its efforts to condemn Parcel C by expressly dismissing the severed cause, which would directly implicate the recoupment provisions of Section 21.019. The trial court granted the motion.[3]

On appeal, the State contends that any separate identity each of the three condemnation petitions may have had was lost once the three cases were consolidated and that the three cases, consequently, became an indistinct condemnation of all three tracts together as one. As such, the State maintains it was free under Rule 63 of the Rules of Civil Procedure to amend its petition to reduce the amount of property it wished to condemn. *See* TEX.R. CIV. P. 63. We agree with the State that it possessed the authority to amend the consolidated condemnation petition, but we disagree with its conclusion that there was nothing left for the trial court to sever concerning Parcel C after the second amended petition was filed.

## II. JURISDICTION

At oral argument, we raised the issue of whether we had jurisdiction to consider the State's appeal of the trial court's severance order. *See Fandey v. Lee,* 876 S.W.2d 458, 459 (Tex.App.—El Paso 1994, no writ) (appellate courts have the duty to ascertain their own jurisdiction). Our concern was whether the severance order properly rested within the consolidated cause of action or the cause of action that the Parcel C issues were

severed into, which, as far as we can tell from the record, is still pending before the trial court. The State appealed the former cause but not the latter.

The Texas Supreme Court has spoken on this issue and determined that when a severance is ordered, the resulting two, or more, causes of action are equally separate and distinct and that each one of them, presuming the judgment therein is final, may be separately appealed. *Kansas University Endowment Ass'n v. King,* 162 Tex. 599, 350 S.W.2d 11, 19 (1961); *Pierce v. Reynolds,* 160 Tex. 198, 329 S.W.2d 76, 78–79 (1959). Moreover, on appeal from any of these severed causes, the order of severance is subject to being set aside. *Pierce,* 329 S.W.2d at 78–79. The court on appeal has jurisdiction over the order of severance even though the severed cause on appeal may not be a complete cause of action without its consolidation with the remaining cause still pending before trial court. *Schieffer v. Patterson,* 433 S.W.2d 418, 419 (Tex.1968).

In the case before us, the State's efforts to condemn Parcels A, B, and C were consolidated into a single cause. The Parcel C issues were then severed from that consolidated cause. The cause including Parcels A and B was then litigated until a final judgment was reached. The State now appeals from that judgment, contesting only the issue of whether the trial court's severance order was erroneous. We conclude that, under the authority of *Schieffer, King,* and *Pierce,* we have jurisdiction over the severance order even though the severed cause consisting solely of Parcel C is still pending before the trial court. *Schieffer,* 433 S.W.2d at 419; *King,* 350 S.W.2d at 19; *Pierce,* 329 S.W.2d at 78–79.

## III. THE MERITS

The record is clear that the State's three petitions for the condemnation of Parcels A, B, and C were consolidated in March 1994. The record is also clear that in January 1995 the State filed a second amended petition for

---

**3.** When the trial court severed Parcel C from the consolidated cause, it was docketed under cause number C–2757A.

condemnation wherein it restated its intention to condemn Parcels A and B, but, by not including any mention of Parcel C, it also impliedly expressed its intention to longer pursue any condemnation proceedings against Parcel C. *See* TEX.R. CIV. P. 64, 65. The question to be decided is whether the State's second amended petition effectively wiped out the existence of the State's condemnation petition against Parcel C so that there was nothing left for the trial court to sever or whether the Tammingas' right to reimbursement under Section 21.019 was a viable, severable claim.

■ The State argues that a landowner is not entitled to compensation under Section 21.019 until the condemnor first formally files a motion to dismiss the condemnation proceedings, and, because the State never filed a motion to dismiss its action involving Parcel C, the State owes no compensation to the Tammingas. *See Zucht v. City of San Antonio*, 698 S.W.2d 168, 170 (Tex.App.—San Antonio 1984, no writ). While it is true that Section 21.019, literally read, requires that a motion to dismiss be filed before the trial court may order compensation for the landowner, we hold that the State's exclusion of Parcel C from its second amended petition effectively constituted a motion to dismiss within the meaning of Section 21.019. This amendment was not designed to reduce the amount of land to be taken at a single location or to clarify the interest to be taken. It had the effect of abandoning the State's right to condemn a tract of land separate and apart from the remaining property subject to condemnation—a tract originally the subject of an entirely separate proceeding.

■ The law is well-settled that, when a plaintiff files an amended petition that excludes a defendant named in a previously filed petition, that defendant is no longer a party to the plaintiff's lawsuit. TEX.R. CIV. P. 64, 65; *Webb v. Jorns*, 488 S.W.2d 407, 409 (Tex.1972); *Ridley v. McCallum*, 139 Tex. 540, 163 S.W.2d 833, 836 (1942) (orig. proceeding); *CIGNA Ins. Co.*, 894 S.W.2d at 434; *Abramcik v. U.S. Home Corp.*, 792 S.W.2d 822, 823 (Tex.App.—Houston [14th Dist.] 1990, writ denied) (on rehearing); *Mercure Co., N.V. v. Rowland*, 715 S.W.2d 677, 679 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.); *Valdez v. Gill*, 537 S.W.2d 477, 480 (Tex.Civ.App.—San Antonio 1976, writ ref'd n.r.e.). The plaintiff's failure to include the previously named defendant in his amended petition acts as a voluntary dismissal of that defendant. *Id.*

■ The law also is well-settled that, when a plaintiff fails to include in his amended petition a cause of action that he had included in a previously filed petition, that cause of action, too, is no longer before the trial court. TEX.R. CIV. P. 64, 65; *Wu v. Walnut Equip. Leasing Co.*, 909 S.W.2d 273, 278 (Tex. App.—Houston [14th Dist.] 1995), *rev'd on other grounds, appeal dism'd w.o.j.*, 920 S.W.2d 285 (Tex.1996); *Harris v. Shoults*, 877 S.W.2d 854, 855 (Tex.App.—Fort Worth 1994, no writ); *Gage v. Langford*, 615 S.W.2d 934, 940 (Tex.Civ.App.—Eastland 1981, writ ref'd n.r.e.). Just as in cases involving dropped defendants, the plaintiff's dropping of a cause of action also acts as a voluntary dismissal of that cause of action. *See id.*

■ Legislative intent remains the polestar of statutory construction. *City of LaPorte v. Barfield*, 898 S.W.2d 288, 292 (Tex.1995). The Legislature had two purposes in enacting Section 21.019: (1) to reimburse landowners for their necessary and reasonable expenses whenever the condemnor voluntarily dismisses condemnation proceedings, and (2) to discourage the commencement and subsequent abandonment of condemnation proceedings. *Urban Wilderness, S.A. v. City of San Antonio*, 924 S.W.2d 410, 411–12 (Tex.App.—San Antonio 1996, n.w.h.); *City of Wharton v. Stavena*, 771 S.W.2d 594, 595–96 (Tex.App.—Corpus Christi 1989, writ denied); *City of Houston v. Blackbird*, 658 S.W.2d 269, 272 (Tex. App.—Houston [1st Dist.] 1983, writ dism'd).

The State filed its condemnation petition against Parcel C in August 1991. Approximately three and a half years later, in January 1995, the State decided it no longer wished to pursue its condemnation action against it and, consequently, filed its second amended petition. The State filed its second amended petition approximately forty days before trial was to begin, presumably after

the Tammingas had already invested much time, money, and effort into preparing their defense against the State's efforts to condemn Parcel C. To hold that the State did not voluntarily dismiss its condemnation against Parcel C when it filed its second amended petition would frustrate the clear intention of the Legislature in enacting Section 21.019. The State would have us put the form of the law over its substance, and that we will not do. *Bridgestone/Firestone, Inc. v. Glyn–Jones*, 878 S.W.2d 132, 134 (Tex. 1994) (quoting *Lunsford v. City of Bryan*, 156 Tex. 520, 297 S.W.2d 115, 117 (1957)). Therefore, we conclude that, within the meaning of Section 21.019, the State voluntarily dismissed its condemnation petition against Parcel C when it filed its second amended petition.

Notwithstanding our obligation to give effect to the clear intention of the Legislature, the State argues that we should follow the San Antonio Court of Appeals' opinion in *Zucht*, which held that the condemnor "shall file a motion advising the court of its intention to dismiss or abandon [a condemnation] proceeding in order to trigger the mandatory reimbursement of expenses provisions" under Article 3265, section 6, of the Revised Civil Statutes, the predecessor statute to Section 21.019. *Zucht*, 698 S.W.2d at 170. As indicated above, the State contends that Section 21.019 is not implicated in this case because it never formally filed a motion to dismiss or abandon its petition to condemn Parcel C. The facts in *Zucht*, however, are distinguishable from those here. In *Zucht* the condemnor did not abandon its efforts to take the property that it excluded from the original condemnation petition when it filed its amended petition. *Id.* at 169. The condemnor, instead, argued that it and not the condemnee was the rightful owner of the property that it sought to take. *Id.* Ultimately, the condemnor was successful in its argument that it owned virtually all of the 2,241 acres that it wanted to take. *Id.* Because the condemnor never tried to abandon its efforts to gain ownership of the 2,241 acres it originally sought to condemn, we find *Zucht* to be a different case than the one before us.

The State further argues that, assuming its condemnation petition against Parcel C was dismissed, the trial court nevertheless had nothing to sever into a cause of action relating solely to Parcel C. The trial court, however, did have something to sever, namely, the Tammingas' statutory right to compensation for their expenses in defending themselves against the State's efforts to condemn Parcel C. *See General Land Office v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 570 (Tex. 1990) (holding that a plaintiff has no right to a nonsuit when the defendant has counterclaimed for affirmative relief independent of the plaintiff's claims). Therefore, the trial court did not err because it did have something to sever.

Finding all of the State's arguments to be without merit, we overrule the State's sole point of error.[4]

As a final matter, the Tammingas assert in a reply point that the State's appeal is "completely groundless, frivolous, and without merit." Therefore, they request that the State be sanctioned. We have reviewed the matter and do not believe that sanctions are warranted. The Tammingas' request is denied.

The judgment is affirmed.

4. In its brief the State argues that, should it be successful on the severance issue, it should not be required to pay postjudgment interest accrued on the judgment after the date it filed its Notice of Limitation of Appeal. As we overrule the State's point on the severance issue, we need not consider the State's argument on postjudgment interest.