Reversed and Remanded and Majority and Dissenting Opinions filed April
14, 2005









Reversed
and Remanded and Majority and Dissenting Opinions filed April 14, 2005.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-00392-CV

_______________

 

BOARD OF REGENTS OF THE
UNIVERSITY OF HOUSTON SYSTEM 

AND THE STATE OF TEXAS, Appellants

 

V.

 

FKM PARTNERSHIP, LTD., A TEXAS
LIMITED PARTNERSHIP, NATIONSBANK OF TEXAS N.A., CITY OF HOUSTON, COUNTY OF
HARRIS, HOUSTON COMMUNITY COLLEGE, AND HOUSTON INDEPENDENT SCHOOL DISTRICT,
Appellees

________________________________________________________________________

 

On Appeal from the County Civil Court at Law No. 3

Harris County, Texas

Trial Court Cause No. 712,808

________________________________________________________________________

 

M A J O R I T
Y   O P I N I O N

The University of Houston appeals from the county court=s dismissal of its suit for
condemnation of a tract of land owned by FKM Partnership (FKM).  The University alleges the county court erred
in (1) dismissing its cause for want of jurisdiction, and (2) assessing
temporary damages, attorney=s fees, and costs for the University=s temporary possession of the
property.  We reverse and remand.








Background

FKM owns a 1.0792 acre tract of
land located along the east side of the University=s campus
with frontage on Calhoun Road and the frontage road of State Highway 35.  In 1996, FKM made plans to develop the
property as a retail shopping center. 
FKM presented its plan to Ron Shoup at the University, who expressed
such an interest in the shopping center he explored the possibility of a partnership
with FKM to develop the property.  FKM
worked with the University on sign control, tenants desired by the University,
and landscaping for the retail center. 
After investigating the possibility of a partnership, the University
declined to enter into an arrangement with FKM. 
FKM continued to work toward development of the shopping center and in
early 1998, sent a site plan to the president of the University showing the
proposed retail center.  At approximately
the same time, the University informed FKM it was considering acquiring the
property.

On January 7, 1998, the
University offered to purchase the property from FKM for $205,250.  FKM rejected the University=s
offer.  On February 19, 1998, the
University Board of Regents met and approved acquisition of the property by
condemnation.  The minutes of the board
meeting reflected, AThe
acquisition of these tracts is necessary to complete the University of Houston=s
obligations for creating the Texas Highway 35 right-of-way.  The property is approximately 85,733 sq.
ft.  The cost to acquire these properties
will not exceed $582,890.@  Two days before the Board of Regents= meeting,
the University filed an original petition in condemnation in the County Civil
Court at Law No. 3 for Harris County. 
Special commissioners were appointed by the county court and the
commissioners assessed damages to be paid to FKM at $275,000.  FKM timely filed objections to the special
commissioners= award and trial was set for
February 17, 2003.  Before trial, the
University filed a motion for partial summary judgment on the grounds that (1)
public necessity existed for the condemnation, (2) the University complied with
statutory prerequisites, and (3) good faith negotiations occurred.  








Several years later, the
University filed a Fourth Amended Petition requesting a significantly smaller
tract of land within the original 1.0792 acre tract sought in the condemnation
proceeding before the special commissioners. 
Some time after this, FKM filed its Second Amended Motion to Dismiss and
Plea to the Jurisdiction in which it contended the University failed to (1)
demonstrate public necessity for the taking of the smaller tract; (2) comply
with the statutory prerequisites; and (3) negotiate in good faith for the
smaller tract prior to filing the fourth amended petition.

The trial court held a hearing on
FKM=s motion
to dismiss shortly thereafter.  After
hearing arguments of counsel, the county court determined the University did
not have the legal right to acquire the smaller tract of land in the
condemnation proceeding.  The county
court dismissed the University=s
condemnation petition for want of jurisdiction and set a trial date to hear
evidence of FKM=s
temporary damages incurred because of the wrongful condemnation
proceeding.  The issue of FKM=s
temporary damages was tried to a jury, which found FKM=s
reasonable and necessary appraisal fees and expenses were $67,031.71, FKM=s
reasonable and necessary attorney=s fees
were $495,642.05 for preparation and trial plus $150,000 in the event of
appeals to the Court of Appeals and the Texas Supreme Court, and $25,000 for
further proceedings if the petition for review is granted.  The jury further found $323,026 as damages
for the University=s
temporary possession of FKM=s
property from July 6, 1999 to the date of trial.

Jurisdiction








In its
first issue, the University contends the county court erred in concluding it
lacked jurisdiction.  The procedure for
condemning public property is prescribed in sections 21.012 through 21.016 of
the Texas Property Code.  If the entity
with eminent domain authority cannot agree with the property owner regarding
the amount of damages, it must file a petition with the proper court with a
description that contains the following: (1) the property to be condemned; (2)
the purpose for which the entity intends to use the property; (3) the name of
the property owner; and (4) a statement that the entity and the property owner
are unable to agree on the damages.  Tex. Prop. Code '
21.012.  The judge of the court must then
appoint three disinterested freeholders who reside in the county as special
commissioners to assess the damages of the property owner.  Tex.
Prop. Code ' 21.014.  The special commissioners must conduct a
hearing to determine the amount of damages. 
Tex. Prop. Code '
21.015.  If a party timely objects to the
findings of the special commissioners, the court shall try the case in the same
manner as other civil cases.  Tex. Prop. Code ' 21.018.

At the hearing on the motion to
dismiss, FKM argued the county court at law is not a court of general
jurisdiction, and its power to act in condemnation cases is both special and
limited.  See Pearson v. State,
315 S.W.2d 935, 937 (Tex. 1958).  FKM
further claimed the University did not strictly comply with the Property Code
and the county court was, therefore, without jurisdiction to hear the
case.  More specifically, FKM argued the
following points:

$                  
the jurisdictional prerequisite that the special commissioners conduct
a hearing to determine the amount of damages was not satisfied because the
smaller tract was not presented to the commissioners (see Tex. Prop. Code ' 21.015);

 

$                  
the jurisdictional prerequisite that the University=s acquisition of the
property was for a public purpose was not satisfied (see Tex. Prop. Code ' 21.012(b)(2)); and

 

$                  
the jurisdictional prerequisite that the parties negotiate in good
faith was not satisfied.  (see Tex. Prop. Code ' 21.012(b)(4)).           

 

The county
court retained jurisdiction when the University sought to condemn less land








In FKM=s first contention before the county
court, it argued the court had no jurisdiction because acquisition of the
smaller tract of land was not presented to the special commissioners;
therefore, the county court had no Aappellate jurisdiction.@ 
Proceedings to condemn land are special in character, and the party
attempting to establish its right to condemn must show strict compliance with
the law authorizing private property to be taken for public use.  State v. Bristrol Hotel Asset Co., 65
S.W.3d 638, 640 (Tex. 2001).  When, as
here, the parties are unable to agree on the amount of damages, section 21.015
of the Property Code requires that special commissioners be appointed to make a
disinterested finding as to the amount of damages.  State v. Blackstock, 879 S.W.2d 125,
126 (Tex. App.CHouston [14th Dist.] 1994, writ
denied).  From the time the condemnor
files the original statement seeking condemnation to the time of the special
commissioners= award, the initial proceedings are
administrative in nature.  Amason v.
Natural Gas Pipeline Co., 682 S.W.2d 240, 242 (Tex. 1984).  If either party timely files an objection to
the commissioners= award, the county court is invested with jurisdiction of the
subject matter of the case.  Denton
County v. Brammer, 361 S.W.2d 198, 200 (Tex. 1962).

FKM contends that because the acquisition of the smaller
tract of land was never presented to the commissioners, the commissioners could
not have assessed damages with respect to that piece of property.  The University contends, however, it was
entitled to decrease the amount of property it sought to acquire at any time.  A condemnor has the right to dismiss a
portion of the land it seeks when it decides its purpose may be accomplished
with less land than was initially sought. 
Southwestern Bell Telephone Co. v. West, 417 S.W.2d 297, 299
(Tex. Civ. App.CTyler 1967, writ ref=d n.r.e.). 

Dismissal is not mandated by statute








Our
review of this case must be guided by the applicable statutes and controlling
case law.  Although not immediately
apparent, the property code=s eminent
domain provisions, read in conjunction with Texas case law, reveal that the
county court did not lose jurisdiction when the University amended its
pleadings to condemn a smaller portion of land than originally sought before
the commissioners.  The county court=s
jurisdiction vests when a party files objections to the special commissioners=
findings.  Tex. Prop. Code '
21.017.  Once the objections are filed,
the court must Atry the
case in the same manner as other civil cases.@  Tex.
Prop. Code '
21.018(b).  Like other civil cases, an
eminent domain proceeding is subject to the rules of civil procedure.  Rose v. State, 497 S.W.2d 444, 445B46 (Tex.
1973).  The rules of civil procedure
permit parties to amend their pleadings and also to dismiss some or all of
their claims.  Tex. R. Civ. P. 63 (permitting amendments); Tex. R. Civ. P. 162 (permitting
voluntary dismissal).  Nothing in the
property code specifies that the county court loses jurisdiction of an eminent
domain proceeding when the condemning authority seeks to dismiss part of its
claim by amending its pleadings to take less. 
See Tex. Prop. Code '' 21.001B.065.  

Texas
jurisprudence permits the condemning authority to amend








Texas jurisprudence permits the
condemning authority to amend.  A[T]he
trial court has power to and should permit an amendment [if] . . . the
description as amended does not inject entirely new subject matter into the
proceedings.@ 
Rose, 497 S.W.2d at 447 (citing State v. Nelson, 160 Tex.
515, 334 S.W.2d 788, 792 (1960)).  The
condemning authority cannot enlarge the county court=s
jurisdiction by seeking to include new or additional land or rights by way of
an amended petition.  Rose, 497
S.W.2d at 446; Nelson, 334 S.W.2d at 792.  Here, the University did not attempt to
condemn new or different land; the University sought only to condemn a smaller
portion of the land originally described in its petition.[1]  And under Texas law, the condemning authority
can amend to take less land or fewer rights.[2]  Texas Power & Light Co. v. Cole,
158 Tex. 495, 313 S.W.2d 524, 530 (Tex. 1958) (AUndoubtedly
a condemnor has the right to dismiss as to a portion of the land sought to be
condemned. . . .@); State
v. Frost, 456 S.W.2d 245, 255 (Tex. App.CHouston
[14th Dist.] 1970, no writ) (AThe law
is clear that the condemnor has the right to amend its pleadings and take less.@).  Because the University=s amended
petition sought to condemn only a smaller portion of the land originally
described, and not add new or different land, the county court=s
jurisdiction remained intact.  See
Rose, 497 S.W.2d at 446; Nelson, 334 S.W.2d at 792.  As to the smaller portion of land the
University sought to condemn, the court should have continued to exercise its
jurisdiction.








Although a landowner is entitled
to have the commissioners determine the land=s value,
it does not follow that any variation from the precise issue considered by the
commissioners precludes the county court=s
exercise of jurisdiction.  See Tex. Prop. Code '
21.014.  Thus, the fact that the
commissioners did not value the smaller portion separately did not deprive the
court of jurisdiction.  See Coastal
Indus. Water Authority v. Celanese Corp of Amer., 592 S.W.2d 597, 600 (Tex.
1979) (AThe
petition=s
description of the property is the basis for the [court=s]
decree.@);
Cole, 313 S.W.2d at 501 (acknowledging the extent of the easement before
the commissioners was different than that considered in the county court and
reinstating county court=s
judgment on the condemning authority=s amended
petition); Blasingame v. Krueger, 800 S.W.2d 391, 394 (Tex. App.CHouston
[14th Dist.] 1990) (orig. proceeding) (A[The
county] court is not confined to simply reviewing [the commissioners=]
findings like an appellate court.@).
Therefore, under both the statutes and case law, the fact that the
commissioners evaluated only the larger tract of land in making their award
does not strip the county court of jurisdiction to adjudicate the smaller tract
of land.  See id.

When
the condemning authority amends to take less, the county court must still
determine the landowner=s damages for the dismissed land

After determining that the
University=s amended petition would only
reduce the amount of land to be condemned, the county court=s hearing
on FKM=s damages
should have been limited to determining FKM=s damages
for the portion of land dismissed.  The
property code instructs the county courts to award land owners certain elements
of damage when the condemning authority dismisses condemnation
proceedings.  Tex. Prop. Code ' 21.019 (AA party
that files a condemnation petition may move to dismiss the proceedings, and the
court shall conduct a hearing on the motion . . . .  A court that hears a motion to dismiss . . .
shall make an allowance to the property owner for reasonable and necessary
fees. . . .@).  The landowner=s damages
include his reasonable and necessary fees for Aattorneys,
appraisers, and photographers and for the other expenses incurred by the
property owner.@  Tex.
Prop. Code '21.019.  In addition, section 21.044 allows the land
owner to recover temporary damages sustained while the condemning authority was
in possession.  Tex. Prop. Code ' 21.044
(allowing court to award the land owner Athe
damages that resulted from the temporary possession@).  Therefore, FKM should recover the damages it
incurred for the portion of land the University no longer sought to condemn in
addition to its damages for the smaller tract of land the University still
wished to condemn.  The county court, on
remand, should limit its hearing on damages to those related to the portion of
land the University sought to dismiss and reserve the damages determination
related to the smaller portion of land for the conclusion of the condemnation
proceeding related to that tract.








Dismissing the condemnation
proceedings does not serve the statutory            purposes

Finally, dismissal of the
condemnation proceeding was contrary to the statutory purposes.  The eminent domain statute=s
provisions are designed to make the landowner whole, not to punish the
condemning authority.  State v.
Tamminga, 928 S.W.2d 737, 740 (Tex. App.CWaco
1996, no pet.) (stating one of Legislature=s
purposes in enacting section 21.019 was to Areimburse
landowners for their necessary and reasonable expenses whenever the condemnor
voluntarily dismisses condemnation proceedings@); Urban
Wilderness, S.A. v. City of San Antonio, 924 S.W.2d 410, 413 (Tex. App.CSan
Antonio 1996, no writ) (same); City of Wharton v. Stavena, 771 S.W.2d
594, 595 (Tex. App.CCorpus
Christi 1989, no writ) (same); City of Houston v. Blackbird, 658 S.W.2d
269, 272 (Tex. App.CHouston
[1st Dist.] 1983, no writ) (same).  When
the condemning authority amends to take less, the statute allows the land owner
to be made whole.  See Tex. Prop. Code ' 21.019
(providing for award of land owner=s
damages); see, e.g., ExxonMobile Pipeline Co. v. Harrison Interests, Ltd.,
93 S.W.3d 188, 191 (Tex. App.CHouston
[14th Dist.] 2002, no pet.) (reviewing a trial on damages after trial
court dismissed condemnation case). 
Sections 21.019 and 21.044 enable the trial court to make FKM
whole.  Tex.
Prop. Code '' 21.019,
21.044.  The statute does not explicitly
require a dismissal of the entire case for FKM to recover its temporary
damages, costs and other expenses.  See Tex. Prop. Code '' 21.019,
21.044. 








Requiring the condemning
authority to re-initiate condemnation proceedings in such a situation does more
than make the landowner wholeCit
punishes the condemning authority.  The
condemning authority must either dismiss the entire proceedings, pay damages
and start the condemnation proceedings all over again, or take land that it
neither wants nor needs.  Either result
is undesirable.  The condemning authority
cannot be forced to take land it neither wants nor needs.  Frost, 456 S.W.2d at 255 (AA
condemnor should not be required to take more land or rights in lands than it
needs nor secure unnecessary rights and privileges and the condemnor should be
allowed to abandon such unnecessary lands or rights.@) (citing
Cole, 334 at 788.)  Requiring the
condemning authority to begin anew is also contrary to the condemnation statute=s
purpose.  See Tamminga, 928 S.W.2d
at 740 (stating one of Legislature=s
purposes in enacting section 21.019 was to Adiscourage
the commencement and subsequent abandonment of condemnation proceedings@); Urban
Wilderness, S.A., 924 S.W.2d at 413 (same); City of Wharton, 771
S.W.2d at 595B96 (same).  In the absence of a statutory mandate to do
so and in light of the statutory purposes, the condemning authority should not
be placed in such a position.  

Condemning
authority=s failure to comply with
statutory prerequisites does not deprive the county court of jurisdiction.

In its second contention before
the county court, FKM contended the court had no jurisdiction because the
University failed to present a board resolution showing the public necessity of
the acquisition of the smaller tract of land. 
In its third contention, FKM argued the University failed to show the
parties were unable to agree on damages because the University failed to
negotiate in good faith on the smaller tract. 
Both contentions are based on the statutory prerequisites set forth in
section 21.012 of the Property Code. 
Since the trial of this cause, the supreme court has specifically
declared Asection 21.012=s
requirements are not jurisdictional.@  Hubenak v. San Jacinto Gas Transmission
Co., 141 S.W.3d 172, 191 (Tex. 2004). 
The court further held, Aif a
condemning entity files a condemnation petition without meeting section 21.012=s
requirements, and a landowner opposing condemnation timely requests abatement,
the trial court should abate the proceedings for a reasonable time to permit
the condemnor to satisfy the statutory requirements.@  Id. 









Here, FKM presented evidence that
the University originally sought condemnation of the larger tract of land for
purposes of satisfying the University=s
obligations for creating the Texas Highway 35 right-of-way and for the closing
of Calhoun Road.  In amending its
petition to reduce the size of the acquisition, the University stated its
acquisition of the property was to be used to Aexpand
the campus of the University of Houston System.@  According to FKM, the University has
presented no board resolution to support its need for the property for the
purpose of campus expansion.  The
University contends it presented evidence that supports its determination that
the acquisition of the property was necessary to complete the acquisition of
the east campus areas consistent with the Texas Higher Education Coordinating
Board Master Plan for the University.

The power of eminent domain can
only be used to take property for a public purpose.  See Tex.
Const. art. I, ' 17; Anderson
v. Teco Pipeline Co., 985 S.W.2d 559, 565 (Tex. App.CSan Antonio
1998, writ denied).  An entity vested
with the power of eminent domain must make a determination of public
convenience and necessity for the acquisition of property to be condemned.  Houston Lighting & Power v. Fisher,
559 S.W.2d 682, 685 (Tex. Civ. App.CHouston
[14th Dist.] 1977, writ ref=d
n.r.e.).  The cases cited by FKM indicate
a resolution is a proper method for declaring the determination of public
necessity, but do not hold that a formal resolution is the only method of
declaring public convenience and necessity. 
See Anderson, 985 S.W.2d at 565; Maberry v. Pedernales Elec.
Coop., Inc., 493 S.W.2d 268, 270B71 (Tex.
Civ. App.CAustin 1973, writ ref=d
n.r.e.).  For example, one case states
that the governing body should adopt a resolution or Aother
action.@  Maberry, 493 S.W.2d at 270B71.  Although the evidence shows no board
resolution, the University presented some evidence its board approved the
acquisition of the smaller tract for campus expansion.  








There is no evidence, however,
that the parties negotiated in good faith on the smaller tract of land.  The failure to do so does not affect the
county court=s jurisdiction.  See Hubenak, 141 S.W.3d at 191.  Because FKM has raised a fact issue with
regard to whether the University has demonstrated a public necessity for the
acquisition, and the parties did not negotiate in good faith on the smaller
tract, on remand, we instruct the county court to abate the proceedings to
permit the University a reasonable time to satisfy the statutory
requirements.  The University=s first
issue is sustained.  

Conclusion

Because the county court=s
jurisdiction continued over the smaller tract of land, we reverse and remand to
the county court.  On remand, the county
court is instructed to abate the proceedings to permit the University a
reasonable time to satisfy the statutory requirements and to limit its hearing
on damages to a determination of FKM=s damages
related to the portion of land the University sought to condemn and the damages
caused by the University=s
constructive possession of the larger tract prior to its amendment.

 

/s/        Wanda McKee Fowler

Justice

 

Judgment rendered and Majority and Dissenting Opinions filed April 14,
2005.

Panel consists of Justices
Fowler, Edelman, and Seymore. (Seymore, J., dissenting.)  

 

 

 











[1]  That it was a
significantly smaller piece of landConly
three percent of the land originally sought to be condemnedCdoes not appear to be important in the statutes.  See Tex.
Prop. Code ' ' 21.001B.065.  The relevant case law does not address this
aspect of the case; the cases do not appear to involve amendments quite this
extensive.  See Tex. Power & Light
Co. v. Cole, 158 Tex. 495, 313 S.W.2d 524, 527B28 (Tex. 1958) 
(concerning a supplemental petition that reduced the extent of the
easement the condemning authority originally sought); Thompson v. Janes,
151 Tex. 495, 251 S.W.2d 953, 953B94 (Tex.
1952) (concerning supplemental petition that would have dismissed all but .557
acres of the four acres of land the condemning authority originally sought); State
v. Tamminga, 928 S.W.2d 737, 738 (Tex. App.CWaco
1996, no writ) (concerning amended petition that would have dismissed one of
the three tracts the condemning authority originally sought).





[2]  This is
referred to as a dismissal as to a portion. 
See Cole, 313 S.W.2d at 530 (characterizing condemning authority=s decision to reduce the rights sought as dismissing
as to a portion).