

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-18-00063-CV

The **STATE** of Texas,
Appellant

v.

**CPS ENERGY** f/k/a City Public Service f/k/a San Antonio Public Service Company,
Appellee

From the Probate Court No. 1, Bexar County, Texas
Trial Court No. 2017ED0021
Honorable Kelly Cross, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:        Marialyn Barnard, Justice
                Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  July 18, 2018

AFFIRMED

The State of Texas on behalf of the Texas Department of Transportation appeals the trial court's order denying its plea to the jurisdiction and awarding CPS Energy f/k/a City Public Service f/k/a San Antonio Public Service Company attorneys' fees and expenses. The State contends the trial court erred in concluding CPS was entitled to recover its attorneys' fees and expenses under section 21.0195 of the Texas Property Code. We affirm the trial court's order.

## BACKGROUND

In 2017, the State filed a petition to condemn two tracts of land identified as Parcel 45 and Parcel 64.[1] The petition named Weekley Homes, LLC and CPS as defendants, alleging they were the owners of the property. The State sought to be vested with fee simple title to the property and improvements.

On March 3, 2017, the trial court appointed three special commissioners to assess the damages occasioned by the condemnation. On August 17, 2017, the special commissioners held a hearing and signed an award finding the amount of damages the State was required to pay to Weekley Homes and CPS was $4,882,425.00.

On August 31, 2017, both the State and Weekley Homes filed objections to the award. On October 11, 2017, the State filed an amended petition dropping CPS as a defendant. On October 17, 2017, the State deposited $4,882,425.00 into the trial court's registry so it could take possession of the property. On October 26, 2017, Weekley Homes filed a motion to withdraw the award from the trial court's registry, and the trial court signed an order granting the motion on November 7, 2017.

On December 1, 2017, CPS filed a motion to recover its attorneys' fees and expenses pursuant to section 21.0195 of the Texas Property Code. The State responded and filed a plea to the jurisdiction asserting it was immune from such a recovery because it had not dismissed the condemnation proceedings.

On January 10, 2018, the trial court held a hearing on CPS's motion. At the hearing, the State argued section 21.0195 only permitted CPS to recover attorneys' fees and expenses if the State dismissed the entire condemnation proceeding, not simply a party to that proceeding. CPS

---

[1] The State initially filed separate petitions for each tract but the lawsuits were later consolidated pursuant to a Rule 11 agreement.

argued case law interpreting section 21.0195 permitted the recovery because the State dismissed its claim against CPS to condemn its easement rights in the property.

The State called Albrina Coleman, a right-of-way supervisor for TxDOT, as a witness. Coleman testified CPS was not named as a defendant because of its easement rights but because a title commitment showed CPS had a lis pendens filed against the property. CPS argued the State's petition did not refer to the lis pendens or otherwise limit the condemnation claim to the rights asserted by the lis pendens. CPS further argued it incurred attorneys' fees and expenses in an effort to defend its right to receive payment for the condemnation of its easement rights, noting it paid valuable consideration for those rights and asserting the easement rights had a value between $350,000.00 and $380,000.00.

Coleman further testified CPS was dropped as a defendant when a subsequent title commitment showed the lis pendens had been released.[2] Coleman stated the initial title commitments showing the lis pendens were prepared in January of 2017, and the subsequent title commitments showing the release were prepared on August 25, 2017, and September 21, 2017. Coleman explained TxDOT had a utility accommodation agreement with CPS which would address the easement rights; therefore, the State would not have named CPS as a defendant to acquire those rights. At the conclusion of the hearing, the trial court signed an order awarding CPS $11,892.00 in attorneys' fees and expenses.

The State filed a timely notice of appeal.[3] After the State filed its brief, CPS filed a letter informing this court that it would not be filing an appellee's brief, asserting it "believes in its arguments and believes the evidence and case law support the decision of the Trial Court."

---

[2] A copy of the release, which was recorded in the property records on February 25, 2016, was admitted into evidence at the hearing.

[3] After the appeal was pending, the trial court severed the State's condemnation claim against Weekley Homes into a separate lawsuit.

However, CPS stated it would rely "on the arguments made at the trial level" given the amount in controversy.

**DISCUSSION**

The State contends the trial court erred in concluding CPS was entitled to recover its attorneys' fees and expenses under section 21.0195 of the Texas Property Code, asserting such recovery is only permitted when the State dismisses the entire proceeding or significantly changes the property the condemnor is seeking to condemn in the proceeding. In its arguments to the trial court, CPS asserted recovery is permitted because the State effectively dismissed its claim against CPS by amending its petition and dropping CPS from the lawsuit.

**A.      Standard of Review**

"Statutory construction is a legal question we review de novo." *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008). "In construing statutes, we ascertain and give effect to the Legislature's intent as expressed by the language of the statute." *Id*. "We use definitions prescribed by the Legislature and any technical or particular meaning the words have acquired." *Id*. "Otherwise, we construe the statute's words according to their plain and common meaning, unless a contrary intention is apparent from the context, or unless such a construction leads to absurd results." *Id*. at 625–26 (internal citations omitted). "We presume the Legislature intended a just and reasonable result by enacting the statute." *Id*. at 626.

**B.      Texas Property Code Section 21.0195**

Section 21.0195 of the Texas Property Code provides:

> (a) This section applies only to the dismissal of a condemnation proceeding that involves the Texas Department of Transportation.

> (b) The department may move to dismiss a proceeding it files, and the court shall conduct a hearing on the motion. The court may grant the motion only if the court determines that the property owner's interest will not be materially affected by the dismissal. The department may not dismiss the condemnation proceedings

merely to institute new proceedings that involve substantially the same condemnation against the same property owner solely to obtain a lower condemnation award.

(c) If a court dismisses a condemnation proceeding on the motion of the department or as a result of the failure of the department to bring the proceeding properly, the court shall make an allowance to the property owner for the value of the department's use of the property while in possession of the property, any damage that the condemnation has caused to the property owner, and any expenses the property owner has incurred in connection with the condemnation, including reasonable and necessary fees for attorneys.

TEX. PROP. CODE ANN. § 21.0195 (West 2014). Section 21.0195(c) is similar to section 21.019(b) which "provides generally for the award of fees and expenses when the court dismisses [condemnation] proceedings on the condemning authority's motion."[4] *State v. Brown*, 262 S.W.3d 365, 368 (Tex. 2008). "[S]ection 21.0195(c) does the same for cases in which the condemning authority is the Texas Department of Transportation." *Id.*

## C.    Applicable Case Law

The State recognizes courts addressing partial dismissals have held the landowner is entitled to recover its fees and expenses under section 21.019(b). The State, however, would limit those decisions to their specific facts.

### 1.    *State v. Tamminga*

In *State v. Tamminga*, the Waco court addressed whether a landowner was entitled to recover fees and expenses when the condemning authority amended its pleading to omit Parcel C from its petition which was one of three parcels of land the State originally sought to condemn. 928 S.W.2d 737, 738–39 (Tex. App.—Waco 1996, no writ). The court first addressed the State's argument that a landowner is not entitled to recover until the condemnor formally files a motion

---

[4] Section 21.019 provides: "A court that hears and grants a motion to dismiss a condemnation proceeding made by a condemnor under Subsection (a) shall make an allowance to the property owner for reasonable and necessary fees for attorneys, appraisers, and photographers and for the other expenses incurred by the property owner to the date of the hearing." TEX. PROP. CODE ANN. § 21.019(b).

to dismiss. *Id*. at 740. The court noted the well-settled law holding that "when a plaintiff files an amended petition that excludes a defendant named in a previously filed petition, that defendant is no longer a party to the plaintiff's lawsuit." *Id*. "The plaintiff's failure to include the previously named defendant in his amended petition acts as a voluntary dismissal of that defendant." *Id*. Similarly, the court noted "[t]he law is also well-settled that, when a plaintiff fails to include in his amended petition a cause of action that he had included in a previously filed petition, that cause of action, too, is no longer before the trial court." *Id*. "Just as in cases involving dropped defendants, the plaintiff's dropping a cause of action also acts as voluntary dismissal of that cause of action." *Id*. Based on these legal principles, the court held "the State's exclusion of Parcel C from its second amended petition effectively constituted a motion to dismiss within the meaning of Section 21.019(b)" because "[i]t had the effect of abandoning the State's right to condemn a tract of land separate and apart from the remaining property." *Id*.

Because "[l]egislative intent remains the polestar of statutory construction," the court asserted "[t]he Legislature had two purposes in enacting Section 21.019(b): (1) to reimburse landowners for their necessary and reasonable expenses whenever the condemnor voluntarily dismisses condemnation proceedings; and (2) to discourage the commencement and subsequent abandonment of condemnation proceedings." *Id*.; *see also Brazos Cty. Water Control & Improvement Dist. No. 1 v. Salvaggio*, 698 S.W.2d 173, 176 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.) (noting legislature's intent in enacting pre-codified version of section 21.019(b) was "to require condemnors to act more responsibly and fairly toward landowners by awarding attorneys' fees and expenses in some cases"). The court noted the State waited three and a half years after filing its petition to condemn the three tracts to file its second amended petition which was "forty days before trial was to begin, [and] presumably after the [landowners] had already invested much time, money, and effort into preparing their defense against the State's efforts to

condemn Parcel C." *Tamminga*, 928 S.W.2d at 740–41. The court concluded that holding the landowners were not entitled to their fees and expenses "would frustrate the clear intention of the Legislature in enacting Section 21.019(b)." *Id*. at 741.

2.      *FKM P'ship, Ltd. v. Bd. of Regents of the Univ. of Hous. Sys.*

In *FKM P'ship, Ltd. v. Bd. of Regents of the Univ. of Hous. Sys.*, the Texas Supreme Court addressed the recovery of attorney's fees and expenses under section 21.019(b) in a case in which the condemning authority, the University's Board of Regents, amended its petition to reduce the amount of property taken by over ninety-seven percent. 255 S.W.3d 619, 624 (Tex. 2008). In that case, FKM argued the amended petition was "in substance and effect the same as [a] motion[] to dismiss, at least to ninety-seven percent of the tract, which [entitled] FKM to fees and expenses." *Id*. at 632. The University argued section 21.019(b) was "facially inapplicable because the University never moved to dismiss the condemnation action," and FKM would only be entitled to fees and expenses if the University's amended petition "dismiss[ed] the entire proceeding, as opposed to only part of the original tract." *Id*.

The Texas Supreme Court first addressed the effect of the amended petition and concluded "an amended petition that does not include a cause of action effectively nonsuits or voluntarily dismisses the omitted claims as of the time the pleading is filed." *Id*. The court then noted the University was entitled to amend its pleadings as in other civil cases and "could have dismissed all or part of its claim by amending its petition, subject to FKM's right to claim fees and expenses pursuant to [the] statute." *Id*. at 633–34. The court further noted "it is clear the University intended to omit the larger tract from its amended pleadings and condemn only the smaller tract." *Id*. at 634. "Accordingly, [the court concluded] the amending pleadings effected a voluntary dismissal of the University's claim as to that part of the larger tract not included in the amended pleading." *Id*.

The court next addressed whether FKM was entitled to recover its fees and expenses asserting whether section 21.019(b) allowed such a recovery "should turn on a common-sense view of events rather than an excessively formalistic, mechanical approach of looking only for particular words in the label on the condemnor's pleading or in the pleading itself." *Id*. The court believed "incorporating such flexible and just procedures is what the Legislature intended . . . by providing protection for landowners against the burden of fees and expenses when an entity lodges a condemnation proceeding against it and then abandons the action." *Id*. The court then rejected the University's argument that section 21.019(b) always requires a complete dismissal of the entire action before the landowner can recover fees and expenses, asserting "[w]e think the Legislature's language is sufficiently flexible to encompass the uncommon factual circumstances presented in this case." *Id*. at 634–35.

Although the court noted waivers of immunity like that contained in section 21.019(b) generally must be unequivocal, the court asserted that such waivers "need not be models of perfect clarity," and must be balanced against the recognition that "the protections given in the statutory scheme regulating condemnation proceedings must be liberally construed for the benefit of the landowner." *Id*. at 635 (internal quotation omitted). The court concluded, "We should not construe the fee-shifting statute so woodenly as to reach an absurd result, or a result that could essentially render it inoperable." *Id*. (internal citation omitted).

The court then held section 21.019(b) allows the recovery of expenses when an amendment to the condemning authority's petition "functionally abandons the original condemnation claim and asserts a different claim." *Id*. at 636. The court reasoned, "The Legislature has directed courts to presume it intended a just and reasonable result by its enactments. If it is just and reasonable for landowners to obtain relief from fees and expenses they incur in condemnation proceedings that are fully dismissed, surely it is so if the functional effect of an amended pleading by the

condemnor is dismissal of the original proceeding while effectively pursuing a different claim." *Id*. at 637.

**D.     Analysis**

The State asserts the holdings in *Tamminga* and *FKM P'ship, Ltd.* should be limited to cases in which the condemning authority amends its petition to significantly change the property the condemnor is seeking to condemn.  Because the State's amended petition continued to seek a condemnation of all of Weekley Homes's interest in the same tract of land the State originally sought to condemn, the State argues CPS is not entitled to recover its fees and expenses under the holdings in *Tamminga* and *FKM P'ship, Ltd.*  We disagree with such a narrow reading of those decisions.

As the Waco court noted, one of the purposes of the fee-shifting provisions in section 21.019(b) is "to discourage the commencement and subsequent abandonment of condemnation proceedings."  *Tamminga*, 928 S.W.2d at 740.  Similarly, the Texas Supreme Court concluded section 21.019(b) should be "flexible and just" and provide "protection for landowners against the burden of fees and expenses when an entity lodges a condemnation proceeding against it and then abandons the action."  *FKM P'ship, Ltd.*, 255 S.W.3d at 634.  Just as a landowner is entitled to recover fees and expenses when the condemning authority dismisses a cause of action by filing an amended petition omitting a tract of land or a significant portion of the property sought to be condemned, we conclude the landowner also should be entitled to recover fees and expenses when the condemning authority dismisses the landowner as a named defendant.  Only such a holding would discourage the condemning authority from commencing and abandoning a condemnation proceeding against a given defendant.

At the time the State amended its petition to drop CPS as a defendant, CPS "had already invested much time, money, and effort into preparing their defense against the State's efforts to

condemn" their easement rights, including appearing at the hearing before the special commissioners and presenting evidence of the value of those rights. *See Tamminga*, 928 S.W.2d at 740–41. If the State had clearly stated in its petition that it only sought to condemn CPS's interest represented by the lis pendens, CPS likely would not have invested such time, money, and effort. Because we must liberally construe section 21.0195 for the benefit of the landowner and the State's amended petition "had the effect of abandoning the State's right to condemn [CPS's rights in the property] separate and apart from [Weekley Homes's rights], *see id.* at 740, we conclude section 21.0195 is "sufficiently flexible" to permit CPS's recovery of fees and expenses under "the uncommon factual circumstances presented in this case." *FKM P'ship, Ltd.*, 255 S.W.3d at 634–35.

## CONCLUSION

The trial court's order is affirmed.

Patricia O. Alvarez, Justice